## TOWN OF WAYNE V. CALDWELL.

1. When judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void; but, when they have jurisdiction of the subject matter, irregularities or illegality in their proceedings does not render them absolutely void, though they may be avoided by timely and proper objection.

2. A court which is competent by its constitution to decide on its jurisdiction in a given case can determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment.

3. The altering and laying out of roads for the use of the public is taking private property for pubic use, and every substantial requirement of the statute must be complied with by the supervisors of the town; otherwise their proceedings will be void.

4. The statutory requirements which pertain to private individuals alone, as to the manner of procedure, may be waived by the parties interested, but that portion of the statute in which the public have a general interest must be strictly followed in order to make the proceeding valid.

5. The survey, and an accurate description of the highway laid out, must be incorporated into an order, and signed by the board, and such order, together with the petition, service of notice and award of damages, must be filed in the office of the town clerk, within five days after its date, and; if not filed within twenty days, they shall be deemed to have decided against such application by operation of law.

6. The making and filing of this order is the final culmination of the whole proceeding. Without the order, no conclusion has been arrived at by the board, and the parties are left in the same condition they were in before any proceedings were had in relation to laying out the road in question.

(Syllabus by the Court. Argued Oct. 17, 1890. Opinion filed Jan. 10, 1891.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

The facts and nature of the proceedings are fully stated in the opinion.

*Bailey, Davis & Lyon* for appellant.

The objections presented by the affidavits are mere irregularities, in no sense jurisdictional. They were waived by the stipulation, also by appearing and submitting to the jurisdiction and trying the case. Hughes v. Beggs, 16 N. E. 817. The supervisors having acquired jurisdiction under the petition, the statutory requirements relating to subsequent proceedings will be deemed directory only. U. S. Trust Co. v. Insurance Co., 18 N. Y. 199; Howard v: Commissioners, 41 N. W. 185; *In re* Empire Bank, 18 N. Y. 220. When a statute requires an official act to be done by a given day for a public purpose it should be construed as merely directory in regard to time. Potter's Dwarris Stat. 221; *ex parte* Heath 3 Hill 42; Marshall v. Langworthy, 6 Hill 466; Torry v. Millbury, 21 Pick. 67; Dawson v. People, 25 N. Y. 399; Pond v. Negus, 3 Mass. 232. Appellant's appeal was from the determination and award of damages, not from the order. The making of the order, therefore, was not a condition precedent to taking the appeal. §§ 1300, 1304, 1324, Comp. Laws. Board of Com'rs v. Insane Asylum, 8 S. E. 118.

*Palmer & Rogde* for respondent.

No appeal would lie from the action of the supervisors until they made and filed the order showing their action. Pearsol v. Supervisors, 39 N. W. 578; Dolphin v. Pedley, 27 Wis. 469; Railroad v. Young, 8 S. W. 776; McKee v. Hull, 35 N. W. 49. As the court had no jurisdiction of the subject matter of the action, the stipulation could not confer it. Damp v. Town of Dane, 29 Wis. 419; Palmer v. Peterson, 46 Wis. 401; Stough v. Railroad, 33 N. W. 149; Cuyler v. Rochester, 12 Wend. 90; Latham v. Edgerton, 9 Cow. 623. Statutory regulations for the condemnation of private property for public use are mandatory and must be strictly pursued. *In re* Water Com'rs, 96 N. Y. 351; Latham v. Edgerton, 6 Cow. 623.

BENNETT, J. This is an appeal from an order of the circuit court setting aside a verdict, and vacating a judgment rendered in a matter of damages arising by reason of the board of supervisors of the town of Wayne laying out and establishing a

road across the land of appellant. The bill of exceptions shows that the cause was submitted to the court below upon a stipulation entered into and agreed to by both the town of Wayne and the appellant. The stipulation is as follows: "Whereas it appears from the papers on appeal in the above entitled action that certain irregularities exist concerning the proceedings of the board of supervisors of said Wayne township in their attempt to lay out and establish a new road or highway across the land of the said Ann A. Caldwell and Elias Wiser, appellants herein: Now, in the interest of a speedy trial and determination of these cases on their merits, it is hereby stipulated and agreed, by and between the attorneys in said action, that all irregularities of said board of supervisors are hereby waived, and that said trial shall be had, and proceed to determine the actual damages sustained by appellants herein, the same as if all proceedings on the part of said board of supervisors had been regular, and according to law; it being the purpose of the parties to this stipulation to submit to and determine in this court the amount of damages which each of these appellants have or shall sustain, by reason of the establishment of a highway in controversy in this action." A trial was had; verdict and judgment for the appellant for $225 damages. Afterwards, the town of Wayne served a notice on the appellant, to show cause why this verdict should not be set aside and vacated, and the proceedings dismissed, for want of jurisdiction of the court. The motion was based upon the affidavits of C. S. Palmer, O. Brandenburg, John Alguire. The court, upon hearing the motion, made an order setting aside the verdict, vacated the judgment, and dismissed the proceedings for want of jurisdiction. From this order the appeal is taken. The appellant contends that the question of jurisdiction cannot be raised by motion and affidavits after trial and judgment, and especially after the filing of a stipulation signed by both appellant and respondent, waiving all irregularities in the proceedings had before the town supervisors. This contention, no doubt, would be correct, if the waiver only went to irregularities, but no waiver by stipulation can con-

fer jurisdiction on any tribunal to hear and try a cause that has not jurisdiction of the subject-matter of the action. When judicial tribunals have no jurisdiction of the subject-matter on which they assume to act, their proceedings are absolutely void in the strictest sense of that term; but, when they have jurisdiction of the subject-matter, irregularity or illegality in their proceedings does not render them absolutely void, though they may be avoided by timely and proper objection. A court which is competent by its own constitution to decide on its jurisdiction in a given case can determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment. A void proceeding is a nullity.

The case at bar was brought to the circuit court by an appeal from the action of the board of supervisors of Wayne township in assessing damages in laying out a road across the the land of appellant. The action of the board of supervisors was based upon Sections 1296–1305, Comp. Laws, inclusive, relating to altering, discontinuing, and laying out roads. The altering and laying out of roads for the use of the public is taking private property for public use, and every substantial requirement of the statute must be complied with by the supervisors of a town; otherwise their proceedings will be void.

The sections above enumerated provide, with great particularity, the mode and manner of procedure. Some of the requirements pertain to private individuals alone, and, as to them, the manner of procedure may be waived by the parties interested, but that portion of the statute in which the public have a general interest must be strictly followed in order to be valid. The face of the proceedings had before the board of supervisors, as disclosed by the affidavits of one of the town supervisors and the town clerk, shows clearly that the supervisors failed to proceed in the manner prescribed by the statute. It is not necessary to examine or point out more than one of these irregularities and ommissions to comply with the statute upon the part of the town supervisors, as that is fatal to this appeal.

By the affidavits of Brandenburg, the town clerk, and of Alguire, one of the town supervisors, it will be seen that no order was ever made by the board of supervisors, or signed by them, in any manner describing the said highway, and that no order of any description or character was ever made or filed with the town clerk by said board of supervisors, as contemplated by Section 1300, Comp. Laws. This section provides that, "whenever the supervisors shall lay out, alter, or discontinue any highway, they shall cause a survey thereof to be made when necessary, and they shall make out an accurate description of the highway so altered, discontinued, or laid out, and incorporate the same in an order to be signed by them, and shall cause such order, together with all the petitions and affidavits of service of notice, to be filed in the office of the town clerk, who shall note the time of filing the same. * * * All orders, petitions, and affidavits, together with the award of damages, shall be made out and filed within five days after the date of the order for laying out. altering, or discontinuing such highway. But the town clerk shall not record such order within thirty days, nor until a final decision is had, and not then unless such order is confirmed, and after such order is confirmed and such order, together with the award, has been recorded by such town clerk, the same shall be sent by him to the county auditor, or county clerk, who shall file and preserve all such papers thus transmitted to him and in case the board of supervisors shall fail to fill such order within twenty days, they shall be deemed to have decided against such application." In the case at bar, the twenty days having elapsed, and no final order being filed with the town clerk laying out the town clerk laying out the road, and the statutory requirement not being fulfilled, all of the proceedings of the board in relation to this road fell, and their decision was against the application to lay out and vacate this road, by operation of law.

This being the case, there was nothing for the appellant to appeal from to the circuit court. The action of the board in relation to assessing damages to the appellant, was of no force or effect. A highway is not legally laid out unless the board of

supervisors, within the time required by the statute, file with with the town clerk this order describing such highway. This was an omission of a very important matter. Independent of the fact that it is the command of the statute, and must be performed, there is abundant reason why it should be done, if it were not required by law. The laying out, altering, or discontinuing a public highway; is an exercise of an arbitrary power conferred upon the board of supervisors for the good and necessity of the general public, and the exercise of this power should be made a matter of public record, so that private and public rights may be clearly defined.

The making and filing this order is the final culmination of the proceedings. Without the order, no conclusion has been arrived at by the board, and, without the record of it, no publication to the public has been made that a road has been established, as called for by the petition. If no road has been laid out, or land taken belonging to appellant, for public use, she has no claim for damages, and there is nothing from which she could appeal. It is the notice of appeal that gives the appellate court jurisdiction, and from this it appears that there has never been any filing of the order laying out said road in the office of the town clerk. This failure leaves the parties in the same condition they were in before any proceedings were had in relation to laying out the road in question. There being nothing to appeal from, the circuit court took jurisdiction of nothing, and could determine nothing. Judgment affirmed. All the judges concurring.