## KOTHE v. BOARD OF SUP'RS OF BERLIN TOWNSHIP, CLARK COUNTY.

1. Rev. Pol. Code, § 1707, provides that a petition for the laying out of a road shall contain the names of the owners of the lands, if known,  over

which the road is to pass. A petition for a road did not contain the name of plaintiff, who owned the land, but named her husband, who exercised acts of ownership over it, leased it in his own name, and received the rents, and plaintiff permitted her husband to represent her before the board of supervisors in the proceedings for the laying out of the road. Held, that the husband having been named in the petition, and proper notice served on him, the failure to name the wife and to serve her with notice was not a jurisdictional defect.

2. Rev. Pol. Code, § 1707, providing for the laying out of a highway on the petition of a specified number of voters owning real estate, within one mile of the road, means one mile in a direct line, and not by the usual route of travel.

3. Where a petition for the establishment of a highway showed its course in a southwest direction, and partially in a southeast direction, and the order described it as "running thence in a general westerly direction," there was no variance affecting the order.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Clark county; Hon JULIAN BENNETT, Judge.

Appeal by Anna M. Kothe from a judgment affirming the proceedings of the board of supervisors of Berlin township, Clark county, in laying out a highway over the land of appellant. Affirmed.

S. A. Keenan, for appellant.

C. G. Sherwood, for respondent.

CORSON, P. J. This is an appeal by the plaintiff from a judgment of the circuit court affirming the proceedings of the town board of supervisors of Berlin township, Clark county, in laying out a highway over the land of the plaintiff. The case was tried to the court without a jury, except that one special issue was submitted to a jury, namely, as to the damages sustained by the plaintiff in laying out said highway. A petition

purporting to be signed by seven persons claiming to be the owners of property within one mile of the highway to be laid out was filed in July, 1902, and thereupon, in December of said year, an order was made by said town board laying out said highway, and assessing plaintiff's damages at $100. From this order an appeal was taken by the plaintiff to the circuit court in pursuance of the provisions of the statute, in which she claimed, in substance, that the board proceeded without jurisdiction, and claimed damages in the sum of $600.

The material parts of the findings of the court are as follows:  "That the title to said land stands in the name of Anna M. Kothe upon the records of Clark county, and that she holds the legal title thereto; that the proposed highway was located entirely on said land; that Anna M. Kothe and her husband have resided in the state of South Dakota, and about one mile south of Bryant, in Hamlin county, South Dakota, and within about four miles of said tract of land, since about the 1st of March, A. D. 1902, and reside there at the present time; that Charles Kothe, husband of said plaintiff, has had the sole possession and control of said land, and exercised his control and possession thereof, ever since the same was purchased, and has leased the same in his own name, and collected the rents therefor; that said Charles Kothe was at all times in said petition mentioned the agent of his wife, Anna M. Kothe, and in all his transactions with said land, and in all his transactions concerning the laying out of said highway; that in all his transactions with the said board and in all said Charles Kothe's transactions relating to the laying out of said highway he represented said Anna M. Kothe, this plaintiff; that she had actual knowledge of the laying out of said highway and all trans

actions connected therewith, and that she had personal notice of the laying out of said highway; that at the time of laying said highway the name of Anna M. Kothe was not inserted in said petition by reason of the fact and solely because Charles Cody claimed the ownership thereof, and said board believed him to be such owner; that all notices were given as provided by law; that a legal award of damages was made, and such award was the same amount as was afterward recovered by the verdict of the jury in this case; that plaintiff was not damaged in any sum above one hundred dollars ($100); that the only damages plaintiff sustains is in the value of the land taken, which is in the sum of one hundred dollars ($100)." From which finding the court concludes: "(1) That due and legal notice of all proceedings herein was given to the appellant; that said township board had full jurisdiction to lay out said highway; that the same is necessary and is laid out according to law. (2) That full compensation was awarded for all damages sustained at the time of laying out said highway; that the appellant is estopped from setting up any claim or waiver of notice by reason of the acts of her said husband and her own acts in relation to said highway. (3) That said road is properly and legally laid out. (4) That the proceedings of said board should be in all things confirmed, and said road established. (5) That the costs of this action should be paid by the appellant." Exceptions were taken to a number of these findings on the ground that they were not supported by the evidence, and also to the conclusions of the court as not being sustained by the evidence and findings of fact.

It appears from the evidence as found by the court that the plaintiff was the legal owner of the land over which the

highway was laid out; that the plaintiff's name did not appear in the petition for the highway, but that the name of her husband, Charles Kothe, under the name of Charles Cody, was named therein as the owner; that notice of the application was served upon the said Charles Kothe at his home in the presence of his wife, the plaintiff herein; that the said Charles Kothe appeared at all of the meetings of the board held with reference to laying out of said highway, and that he claimed to be the owner of the property, leased the same for two years in his own name, received and disposed of the share of the crops paid as such rent, and generally managed the said property. There was also evidence tending to prove that on two occasions parties conversed with him at his home in the presence of his wife in regard to the laying out of the road, and as to which Mr. Halde, one of the witnesses for the defendant, testified: "I went to see Mr. Cody, and he told me to come to the house, and Mr. Cody asked Mrs. Cody what she was going to do about it, and she says, 'You know best, and you can do what you have a mind to.' That was all she said."

It is contended by the appellant (1) that inasmuch as Mrs. Kothe's name does not appear in the petition, and no notice thereof was personally served upon her, the board had no jurisdiction to lay out the highway; (2) that the original petition recites that Charles Cody is the owner of the land; (3) that the petition was not signed by the requisite number of eligible voters, as two of the seven petitioners did not reside within one mile of the proposed highway, measured by the usual traveled route, and consequently there were not six petitioners, as prescribed by the statute; (4) that in the original petition the route was described as running in a general westerly di-

rection to the county line, but as laid out the route runs in an easterly direction to the county line; (5) that the conclusions of the court were contrary to both the law and the evidence; (6) that the evidence was insufficient to justify the court in finding that Charles Kothe was the agent of his wife, and that she was estopped by his acts in contesting the jurisdiction of the board.

Section 1707 of the Revised Political Code provides: "The supervisors of the town may * * * lay out any new road upon the petition of not less than six legal voters who own real estate, * * * within one mile of the road to be * * * laid out. Said petition shall set forth in writing a description of the road, * * * and, if for a new road, the names of the owners of the lands, if known, over which the road is to pass, the point at which it is to commence, its general course, and the point where it is to terminate." It does not appear from the evidence in this case that the petitioners, or any of them, knew that the property over which the road was laid out was owned by the plaintiff. They did know that it was claimed by Charles Kothe, husband of the plaintiff; and, in view of the fact that he was shown to have exercised acts of ownership over it, leasing it in his own name, and receiving the rents thereon, we are of the opinion that the board was fully justified in assuming that he was the owner of the same, and that the court's finding that said Charles Kothe was the agent of the plaintiff in the management of the property was fully sustained by the evidence. While the husband would not ordinarily be authorized to act for the wife in such a proceeding, and conclude her rights, yet where he does act with her knowledge and consent, and acts as her agent generally in the man-

agement of her business pertaining to the property, we are of the opinion that she will be estopped from questioning such proceedings on the ground that her name does not appear in the petition, and that no notice of the proceedings was personally served upon her. It would seem from the second finding of fact that the plaintiff and her husband resided within four miles of the land over which the highway was laid out at the time this proceeding was instituted, and had resided there subsequently to March, 1902; and we are clearly of the opinion that the court was justified in its fifth finding, that she had actual knowledge of the laying out of the said highway, and all transactions connected therewith, and that she had personal knowledge of the laying out of the same. We are of the opinion that the plaintiff was clearly estopped from claiming that the said board did not have jurisdiction to lay out said highway.

We are also of the opinion that the court was fully justified in finding that the persons named as petitioners owned land within one mile of the road laid out, and that in determining the distance of the land owned by such petitioners, the Legislature did not intend to make the said distance depend on the usual route of travel, but that the distance is to be established by direct line between the highway so to be laid out and the land owned by the petitioners. A party might be the owner of a quarter section within one-half mile of the proposed highway, measured on the section or quarter section line, and yet be several miles from the proposed highway; estimating the distance by the usually traveled route. It was clearly not the intention of the Legislature that the distance of the land from the proposed highway should be determined in other than the usual, direct line.

19 S. D.—28

The contention of the appellant that there was a variance between the direction of the proposed highway as stated in the petition and that stated in the order is not tenable. An examination of the diagram made a part of the record in this case shows that the highway was laid out partially in a southeast direction, and hence the term "running thence in a general westerly direction to the county line" was not such a variance as would vitiate the order, as the road laid out appeared to be along the lake shore of Cherry Lake, and had no well-defined direction through its entire course. Assuming the findings to be correct, the court's conclusions therefrom were clearly correct. As before stated, the jury, by its special verdict, found the plaintiff's damages to be the precise sum awarded her by the board of supervisors, namely, $100, and hence the court very properly found that she should pay the costs of the appeal.

It is contended by the appellant that the statute relating to the proceedings of township boards laying out highways should be strictly construed, and that there should be strict compliance with its provisions relating thereto. This contention is in the main correct, as the laying out of roads for the use of the public is taking private property for public use, and every substantial requirement of the statute must be complied with by the board of supervisors; otherwise their proceedings will be void. Some of the provisions, however, pertain to private individuals alone, and as to them the manner of procedure may be waived by the parties interested. This was the view taken by this court in Town of Wayne v. Caldwell, 1 S. D. 483, 47 N. W. 547. In the case at bar the plaintiff, by her conduct in allowing her husband to manage and control the

property, and to in affect allow him to represent her before the board, with full knowledge on her part of all the proceedings, is estopped from questioning the jurisdiction of the board, and has in effect waived her right to now insist that the board was not fully authorized to proceed in laying out said highway, and assessing the amount of damages caused thereby. While it is the duty of the board to see that notice is properly served upon all persons having an interest in the property over which the highway is to be laid out, that they may appear and protect their rights, yet if, through inadvertence or mistake, the board omits to cause such notice to be served upon the owner, who has full notice of all the proceedings, and who is represented before the board by an agent, such person cannot afterwards claim that the proceedings were void or erroneous for the reason that he or she was not named in the petition, and was not formally served with notice.

Finding no error in the record, the judgment of the circuit court is affirmed.