LARSEN et al., Respondents, v. SENECA INDEPENDENT
SCHOOL DISTRICT OF FAULK COUNTY, Appellant.

(210 N. W. 661.)

(File No. 5683.    Opinion filed November 15, 1926.)

1.  Schools and School Districts—Omission of Technical Designation
    of Property Involved in Petition for Formation of School Dis-
    trict and Failure to Address Petition to Any Person Held Not
    Fatal (Laws 1923, c. 175).

    Failure of petition, under Laws 1923, c. 175, for formation
    and organization of school district to set out township and range
    of property involved, or to address notice to any person, held
    not fatal defect; petition clearly indicating land concerned; and
    statute not requiring address or notice to any person.

2.  Constitutional Law.

    Laws 1923, c. 175, relating to formation of school districts,
    held not violative of Const. art. 2, as delegation of legislative
    power to judiciary.

3.  Schools and School Districts.

    Court's finding that existing school district was very incon-
    veniently located for pupils of territory desired to be organized,
    held to show sufficient justification for organization of new
    district in interest of education.

---

Note.—See, Headnote (1), American Key-Numbered Digest,
Schools and school districts, Key-No. 27, 35 Cyc. 840; (2) Constitu-
tional law, Key-No. 61, 12 C. J. Sec. 351; (3) Schools and school dis-
tricts, Key-No. 24(1), 35 Cyc. 843 (Anno).

Appeal from Circuit Court, Faulk County; Hon. J. H.
Bottum, Judge.

Petition by Sam Larsen and others for the formation and
organization of a common school district of territory embraced
within Seneca Independent District of Faulk County. From a
judgment granting the petition, Seneca Independent School Dis-
trict of Faulk County, South Dakota, appeals. Affirmed.

*Roy A. Nord,* of Faulkton, and *Gardner & Churchill,* of
Huron, for Appellant.

*D. J. O'Keeffe,* of Pierre, and *F. E. Snider,* of Faulkton, for
Respondents.

GATES, P. J.   Seneca independent school district consisted
of congressional township 118 north, of range 72 west, fifth P. M.,

in Faulk county.    The town of Seneca consisted of the southwest quarter of section 3 and the southeast quarter of section 4 of said township.    Pursuant to the provisions of chapter 175, Laws 1923, a petition was filed with the clerk of the circuit court of Faulk county for the exclusion of all of said congressional township from said independent school district except sections 2, 3, 4, 5, 9 and 10.    The petition was signed by all of the owners of real property in the territory sought to be excluded and by all of the electors except three.    Such proceedings were had that the trial court entered judgment granting the petition and forming the excluded territory into a common school district and constituting said sections 2, 3, 4, 5, 9, and 10 as Seneca independent school district.    Defendants appeal from the judgment.

Appellants first contend that the court was without jurisdiction because of the insufficiency of the notice (a) in that the township and range were not given of the property sought to be excluded, and (b) in that the notice was not addressed to any one.

[1] The order of the court which was published and posted as the notice was as follows:

"In the matter of the application for the formation and organization of a common school district of a territory embraced within Seneca independent school district in Faulk county, S. D.

"Upon reading and filing the petition of Sam Larsen and others, filed herein on the 24th day of March, 1924, from which it would appear that said petitioners having in all things complied with the provisions of chapter 175 of the Laws of 1923 of the state of South Dakota and are entitled under the provisions of said act to a hearing upon said petition, said petition praying that sections one (1), six (6), seven (7), eight (8), and eleven (11) to thirty-six (36), inclusive, being part of the territory embraced within Seneca independent school district, be detached and excluded therefrom, and organized into and as a common school district.    Now, therefore, notice is hereby given that a hearing upon said petition will be had before the court at the circuit court room, in the city of Faulkton, county of Faulk, and state of South Dakota, on the 29th day of April, 1924, at the hour of 10 o'clock in the forenoon of said day, when and where all persons interested in said petition and the subject matter thereof are required to be and appear and

adduce testimony in support of, or in opposition to, the granting of the prayer of said petition.

"It is further ordered that a copy of this notice be published in Seneca Journal, a legal newspaper published and of general circulation in Faulk County, S. D., for two successive issues, and that the last publication thereof shall be at least 10 days prior to said day of hearing.

"It is further ordered that a copy of this notice shall be posted in three of the most public places within congressional township 118 north of range 72 west of the fifth principal meridian, in Faulk county, S. D., at least 20 days before said day of hearing.

"Dated this 1st day of April, 1924.

"By the Court:

"[Signed]          J. H. Bottum, Judge.

"Attest:

"[Signed]          Elmer Irwin, Clerk.   [Seal.]"

We are of the opinion that no one could fail to understand from the order and notice that the property sought to be excluded was a portion of Seneca independent school district in Faulk county and that omission of the township and range numbers in connection with the section numbers was not a fatal defect. The omission to address the notice to any person is likewise unimportant. The statute does not so require.

[2] It is next urged that chapter 175, Laws 1923, is unconstitutional because it is a delegation of legislative power to the judiciary. The statute does not delegate legislative power to the circuit court. It vests in the court administrative power, quasi judicial in nature, when the court finds that certain conditions exist. It is difficult for us to see why the vesting of power in the court to act in the first instance should violate the provisions of the Constitution relating to the separation of the powers of government (Constitution, art. 2) any more than does the vesting of power in the circuit court upon appeal and the latter power has been sustained. Re Yankton-Clay Co. Drainage Ditch, 30 S. D. 79, 95, 137 N. W. 608, and cases cited.

[3] It is next urged that the petition should have been denied because there is neither allegation nor finding that the

proposed organization of a common school district is in the interest
of education.   The court found:

"That the school building in said town of Seneca is located
about one-half mile south of the north line of said township;
that no means of transportation to said school has been furnished
by said Seneca independent school district; that the distance to said
school is so great and the conditions of the roads such that it is
impracticable and in some cases impossible for children residing in
the remote portion of said district to attend the said school at
Seneca; that for a long time prior to the commencement of this
proceeding said independent school district has maintained a
rural school, situated in section 12 of said township, and has
likewise maintained a rural school in section 29 of said township;
that there is in addition thereto a school building which has not
been used for some time, located in the western portion of said
district and north of the center thereof; that but one child within
the territory proposed to be formed by a common school district
has attended the high school aforesaid; that 10 grade pupils resid-
ing within the territory proposed to be formed into a common
school district have attended the grade school in Seneca; that 17
pupils residing within the territory proposed to be formed by the
said common school district are attending school and have, during
the past year, attended school in the rural schools maintained out-
side of Seneca village aforesaid; that a large portion of the in-
habitants of the territory proposed to be formed of said common
school district are compelled to pay taxes for the support of said
Seneca school and unable to derive any of the benefits whatever
from said school; that 10 of the pupils within the territory pro-
posed to be organized as a common school district have attended
school at said Seneca."

We think this finding of fact is a sufficient justification for
the judgment.

It is next urged that the judgment is unwarranted and is a
nullity because the court did not apportion the property and indebt-
edness between the old district and the new as required by section
3 of the said act of 1923.

The record fails to disclose any facts or issues upon which
the court might proceed.

Lastly, it is urged that the judgment is arbitrary and unreasonable and not warranted by the facts as found by court.

The said act of 1923 provides:

"The court shall have full authority, by order, to fix and determine, and shall, by order, fix and determine, the boundaries of the districts affected, either as designated in the petition or as subsequently modified, and shall have authority to refuse the petition, if in the judgment of the court, the interests of the district or districts should so require."

By the finding above quoted the court, as we said above, justified the judgment. As a conclusion of law the court stated:

"The interest of the district does not require a refusal of said petition."

Appellants seize upon this sentence and claim that the court proceeded upon the theory that it was incumbent upon defendants to show that the petition should not be granted rather than that petitioners should have the burden of proof. We think the appellants misapprehend the purpose of the conclusion. Having found that the segregation was justified from the standpoint of the residents of that territory, the court concluded that the interest of the district as a whole did not require a refusal of the petition.

The judgment is affirmed.

DILLON, J., not sitting.