538

In Re FORMATION OF COMMON SCHOOL DISTRICT.
WENTZ, et al, Appellants, v. BOWDLE IND. SCHOOL DIST.,
et al, Respondents.

(237 N. W. 763.)

(File No. 6890.  Opinion filed July 27, 1931.)

*Campbell & Fletcher* and *Ezra L. Baker,* all of Aberdeen, for Appellants.

*H. L. Woodworth,* of Ipswich, and *F. E. Snider,* of Faulkton, for Respondents.

RUDOLPH, J. A petition was filed with the clerk of the circuit court of Edmunds county, in compliance with the provisions of chapter 175, Laws of 1923, to organize and form a common school district from territory embraced within independent school district of Bowdle, being school district No. 9 of Edmunds county, S. D. The petition was in due form and had the requisite number of qualified signers, with a plat attached, and requested the formation of the new district in accordance with the plat. The proposed new district embraced the required territory, and that portion of the old district which the petition proposed to leave contained the incorporated town of Bowdle, which maintained a high school and contained property of an assessed valuation of an amount exceeding $500,000. Due notice was given and a hearing was had as provided by law, and the court rendered judgment denying the petition and ordering transportation of pupils. The petitioners appeal from the judgment and an order overruling a motion for a new trial. No question is raised as to the sufficiency of the petition or any of the proceedings prior to the hearing.

■■ The question here presented is whether the trial court abused its discretion in denying the petition. Chapter 175 of the Laws of 1923 under which this proceeding is instituted provides as follows: "The [circuit] court shall have full authority, by order, to fix and determine and shall by order fix and determine the boundaries of the districts affected, either as designated in the petition or as subsequently modified and shall have authority to refuse the petition, if in the judgment of the court, the interests of the district or districts should so require." Section 1. This law has been held constitutional by this court. Larsen v. Seneca Ind. School Dist of Faulk County, 50 S. D. 444, 210 N. W. 661. In re Common School Dist. of Highmore, 54 S. D. 146, 222 N. W. 690. The law vests in the court administrative power quasi judicial in its nature. Larsen v. Seneca Ind. School Dist., supra. This power vested in the trial court by this statute is a power to be exercised in the sound discretion of the trial court. There can be

no precise rule by which to determine what considerations should control the final judgment, but each case must rest upon its own facts and the sound discretion of the trial court.

■ Among other facts the court found that three rural schools were being maintained in the district in addition to a grade school and high school in the city of Bowdle. That the school building in Bowdle was a modern up-to-date building, and that the rural schools were old, not modern, and in only fair condition; that in the Bowdle schools a teacher was employed for each grade, and this offered a greater educational opportunity than the rural schools in which one teacher teaches all eight grades. That no transportation to the Bowdle school for the pupils attending the rural schools had been furnished since 1920, that transportation is at this time practical and possible and to the best interests of the district. The court then concluded as a matter of law that the district school board be ordered and instructed to install a system of transportation; and in the judgment decreed that the school board "provide a system of transportation by which all the school children of the district, entitled by law to transportation, shall be afforded adequate transportation to and from the Bowdle city school in said district at all times." This portion of the judgment is without foundation. The statute confers no such authority in this proceeding, and the court clearly went beyond the power that was invoked by the filing of the petition. No extended discussion is necessary. Under the statute the court has the power to deny the petition; or to determine the boundaries of the districts affected either as designated in the petition or as subsequently modified. If the boundaries are changed, other adjustments with regard to the property and indebtedness must be. made, but, if the petition is denied, there the authority ends.

■ The trial court further found that the assessed value of the property in that portion of the district not seeking withdrawal from the original district to be in excess of $500,000. There was then the finding that, in the event of division, the portion of the district remaining could not maintain an accredited high school. The 1923 law provides "that the portion of an independent district where a high school is maintained, remaining after such proposed common school district or districts shall have been formed shall contain property of an assessed valuation of at least five hundred

thousand dollars ($500,000.00)." We are of the opinion that the Legislature in fixing the requirement of an assessed valuation of at least $500,000 for the remaining portion of the district where a high school is maintained did not determine that in all events a $500,000 valuation was sufficient to operate a school where a high school was maintained, but simply fixed this amount as a minimum. Whether a greater valuation than that minimum is actually necessary to maintain a high school, in that portion of the district not seeking exclusion, is left to the sound discretion of the trial judge, to be determined from all of the facts and circumstances surrounding the particular case under consideration.

A considerable amount of testimony was introduced in this case regarding the question of transportation of pupils, and there was also considerable testimony with regard to the relative merits of the three rural schools and the Bowdle school. The record quite conclusively establishes and the court found that the Bowdle school was in all respects far superior to any of the country schools. To what extent the judgment of the trial judge was influenced by his opinion that he could order transportation of pupils to the Bowdle school we are unable to say. Sufficient to say is that his judgment might be different without this element entering in.

The judgment and order appealed from are reversed.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, P. J. (concurring specially). In this case the petition that was filed was complete and sufficient in every respect. The notice required by the statute was given, and the date of the hearing was fixed. This gave the court jurisdiction to try and determine the case, and under the last clause of section 1, c. 175, Laws 1923, made out a prima facie case for the petitioners. The defendants then had the burden of proof to show that the interests of the district (meaning the proposed common school district) or the interests of both districts required a refusal of the petition. If the evidence submitted by either or both parties is not sufficient to warrant a finding that the "interests of the district or districts" require a refusal of the petition, then it should be granted. In this case, the evidence is not sufficient to warrant any such finding, and the petition should have been granted.