NOLD, et al, Appellants, v. ONAKA INDEPENDENT SCHOOL DISTRICT, et al, Respondents.

(245 N. W. 43.)

(File No. 7352.  Opinion filed November 1, 1932.)

*Tait & Morgan,* of Gettysburg, for Appellants.
*Jacobs & Bottum,* of Faulkton, for Respondents.

PER CURIAM.  This appeal is from an order of the circuit court of Faulk county dismissing a petition asking a division of

Onaka independent school district and the formation of a common school district out of a portion of said independent district, which petition was filed pursuant to the provisions of chapter 175, Laws 1923.

As has been heretofore pointed out by this court, the statute in question vests a broad power in the trial judge. "There can be no precise rule by which to determine what considerations should control the final judgment, but each case must rest upon its own facts and the sound discretion of the trial court." Wentz et al v. Bowdle Ind. Sch. Dist. (1931) 58 S. D. 538, 237 N. W. 763, 764.

To set out in detail the evidence offered in support of and in opposition to the petition in the instant case would not be particularly helpful. A majority of the judges are of the opinion that the record before us fails to show that the trial judge, in refusing to grant the prayer of the petition, abused a sound discretion.

This case was discussed among the judges, and the above portion of this opinion written prior to our consideration of the cases of Badger State Bank v. Weiss, 60 S. D.484, 245 N. W. 41, and Schurman v. Schurman et al, 60 S. D. 489, 245 N. W. 39, this day handed down. After a consideration of these last two cases, it becomes apparent that the so-called "findings of fact" and "conclusions of law" have no place in this proceeding. The final determination made by the trial court in this proceeding is not a judgment, but is plainly nothing other than an order, and an appeal therefrom should be governed by the laws and rules relating to appeals from orders rather than those relating to appeals from judgments. That this determination of the court is an order, as distinguished from a judgment, is further apparent from the statute. The statute provides: "The court shall have full authority, by order, to fix and determine and shall by order," etc. Section 1. Thus the statute itself designates the final determination of this matter as an order. In addition to this, we are of the opinion that the nature of the proceeding is such that the final determination thereof, under the provisions of our law, would not result in a judgment. See Badger State Bank v. Weiss, supra.

The case having first been considered on its merits and the

same result reached that would be reached should we dispose of the case on the procedural question, we deem it advisable to hand the opinion down in its present form.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.