In re FORMING AND ORGANIZING COMMON SCHOOL
DIST. FROM PART OF TERRITORY EMBRACED IN
INDEPENDENT SCHOOL DIST. OF EMERY.

(246 N. W. 245.)

(File No. 7379. Opinion filed December 30, 1932.)

H. A. Doyle and Frank Biegelmeier, both of Yankton, for
Appellants.

E. E. Wagner, of Mitchell, for Respondents.

RUDOLPH, J. This proceeding was commenced under
the provisions of chapter 175 of the South Dakota Session Laws
of 1923. The trial court, as in the case of Nold v. Onaka School
District, 60 S. D. 482, 245 N. W. 43, entered "findings of fact,"
"conclusions of law," and "judgment." As was pointed out in the
Onaka Case, these so-called findings of fact and conclusions of law
have no place in this proceeding. However, in this case there was

no basis for the order the trial court finally made, except testimony taken upon the hearing, and the record thus made was settled under the provisions of article 2, c. 3, pt. 6. tit. 2, R. C. 1919. The record is thus sufficiently authenticated for review in this court. Schurman v. Schurman, 60 S. D. 489, 245 N. W. 39. The brief of appellant sets forth that, "within the time limited by law therefor, the petitioners and appellants duly perfected their appeal to the supreme court." This statement is not in any way challenged by respondent, and we are therefore of the opinion that, so far as we are now concerned, we must consider that this appeal was taken within time, and that this court has jurisdiction to consider the matter upon its merits. In oral argument the appellant contends that the holding of this court in the case of Nold v. Onaka School District, supra, to the effect that the final determination of the matter by the trial court resulted in an order, as distinguished from a judgment, is in conflict with the case of Johnson v. Swanson, 50 S. D. 448, 210 N. W. 662. To the extent that the latter case is in conflict with the former, the former case of Johnson v. Swanson, supra, is expressly overruled.

 The trial court denied the relief sought by the petitioners. The appellant contends that the trial court's holding was based upon an opinion of the trial court that the said chapter 175, Laws of 1923, is unconstitutional. Nowhere did the trial court expressly hold or declare this law to be unconstitutional; but the trial court did, to the contrary, conclude as follows: "That the interests of the said independent school district of Emery, as now constituted, and the interests of the proposed common school district, require that said petition be not granted."

It thus becomes apparent that the trial court, regardless of his views on the constitutionality of the law, decided the matter upon its merits, and was of the opinion that the petition should be denied upon its merits. We are of the opinion that the trial court was justified in concluding that the petition should be denied upon its merits, and it therefore becomes unnecessary for us to consider the suggested reasons why this law should be held unconstitutional, for reasons other than those urged in the case of Larsen v. Seneca Independent School District of Faulk County, 50 S. D. 444, 210 N. W. 661. It is a well-settled principle that constitutionality of a

statute should not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question. 12 C. J. 780, and the many cases there cited.

No useful purpose would be served in attempting to detail the evidence in this case. The case was argued orally, and we have given a careful consideration to the printed record. After listening to such argument and considering the record, we are of the opinion that the trial judge, in refusing to grant the prayer of the petition, did not abuse the discretion vested in him by the statute. See Wentz et al v. Bowdle Independent School District, 58 S. D. 538, 237 N. W. 763; Nold v. Onaka School District, supra.

The order appealed from is affirmed.

CAMPBELL, P. J., and ROBERTS and WARREN, JJ., concur.

POLLEY, J. (dissenting). I am not able to concur in the majority opinion in this case. I believe that in exclusion cases the question of benefits conferred on the party seeking exclusion ought to control the conclusion of the trial court. In this case the only ground for the position taken by the school district is that it is to the best interests of the petitioners to remain in the consolidated district. This reason is not sufficient. In the first place the petitioners themselves should be the sole judges of whether they are benefited by being in the consolidated district; and in the second place the benefits, if any, should be fairly commensurate with the burdens, by way of extra taxation, that are imposed. In this the claimed benefits are grossly inadequate to offset the burdens imposed, and the exclusion should be allowed.