HOFFER et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF ROSCOE, EDMUNDS COUNTY, Respondent

(52 N. W.2d 828)

(File No. 9232. Opinion filed April 3, 1952)

**J. M. Berry, R. G. Gross,** Ipswich, for Petitioners and Appellants.

**Raymond Hieb, H. L. Woodworth,** Ipswich, for Objectioners and Respondents.

LEEDOM, J. Appellants sought to have the greater part of the rural lands of the Independent School District of Roscoe in Edmunds county separated and formed into a common school district leaving an independent district of greatly reduced area surrounding the town of Roscoe. They proceeded under the provisions of SDC 15.2505, as amended by Laws 1939, c. 43. The circuit court entered an order

denying appellants' petition on the ground that the interests of both the proposed common district and the independent district required the petition be not granted. We affirm the order of the circuit court.

Under the controlling statutory provisions the circuit court has authority to refuse the petition if "the interests of the district or districts should so require." This court has held that the decision in such a proceeding rests in the sound discretion of the trial court. Wentz v. Bowdle Ind. Sch. Dist., 58 S. D. 538, 237 N.W. 763, 764; Nold v. Onaka Ind. Sch. Dist., 60 S. D. 482, 245 N.W. 43.

Appellants urge that the circuit judge abused his discretion in that the evidence established that the educational opportunities and facilities offered in each of the three rural schools maintained in the district were not equal to those provided in the grade school maintained in Roscoe, that no transportation was furnished rural pupils who might avail themselves of the town school if there had been transportation, that sanitary facilities in the rural schools were inadequate and unhealthful, that few children living in the area of the proposed common district ever attended school in Roscoe, that the town school was crowded even without accommodating children from the rural area, and that the board failed to improve its financial status by charging adequate tuition of students attending from outside the district.

After taking extensive evidence on many phases of all the foregoing points urged by appellants, the trial court concluded that the facts required a denial of the relief the appellants sought in the best interests of both districts. Our careful review of the record fails to disclose that the action below was unreasonable or arbitrary or in any way an abuse of the discretionarry authority vested in the court by the law.

Appellants also urged (1) that the lower court erred in denying the petition for the additional reason that the taxable property left in the proposed independent district had an assessed valuation of $618,107 from which to maintain the high school, considerably in excess of the $500,000 required by statute; and (2) argued that the rural lands sought to

be removed from the presently constituted independent district were being taxed to maintain the grade and high schools in Roscoe with little if any benefit to the rural owners. As to the first proposition it is settled that the legislature did not intend by setting the $500,000 limitation in the statute that in all cases such tax base would be sufficient to maintain a high school, but fixed that sum simply as a minimum. Wentz v. Bowdle Ind. Sch. Dist., supra. As to the second point it is the established law of this state that retention of property within a school district is justifiable for the sole purpose of obtaining revenue therefrom for maintenance of the public school system. Snow v. South Shore Ind. Sch. Dist., 66 S. D. 379, 283 N.W. 530. Even if a property owner's liability to taxation for support of the school system depended on his receiving direct benefits from the system in the form of instruction of his own children, it appears from the record that appellants would not have established their right to immunity from the school tax. In this connection we note that certain of the owners now seeking to have their property removed from the area that is burdened with the maintenance of the high school had in prior years sent their children through such high school. It is self-evident that taxpayers of a school district cannot hope to share equally at any given time with all other taxpayers in the direct benefits of the school system. All must nevertheless expect to contribute to the constant expense of maintaining the system at a capacity designed to educate not only all who come in any given year but rather the maximum number of students that can be expected to attend in the forseeable future. The burden of the cost cannot be made to rise and fall in direct proportion to attendance nor to shift among taxpayers as the names of patrons change. Maintenance of such maximum capacity will necessarily require of most if not all taxpayers over a period of years direct payments to the support of the system in excess of direct benefits received; but the benefits to each taxpayer of our educational system are not measured by the benefits he receives through the education of his own family.

Respondents have contended that Ch. 62, Laws 1951 which changes the $500,000 valuation hereinbefore mention-

ed to $1,000,000, applies to the instant case notwithstanding the law became effective after the case was started; and that the valuation of $618,107 in the proposed independent district is therefore insufficient under the law. In view of the conclusions hereinbefore set forth on other phases of the case we do not reach this question.

The order of the circuit court is affirmed.

All the Judges concur.