YOUNG, Appellant v. HUFFMAN et al., Respondents

(90 N.W.2d 401)

(File No. 9675. Opinion filed June 6, 1958)

**Thos. G. Wall,** Sturgis, for Plaintiff-Appellant.

**Roswell Bottum,** Rapid City, for Defendants and Respondents.

ROBERTS, J. Plaintiff Sarah E. Young brought this action seeking compensation for damages done to her dwelling house which allegedly resulted from the filling in and elevating the land of the defendants so as to impede the natural flow of surface water and to cause the flooding of the adjoining land of the plaintiff. After hearing on the issues made by the pleadings and viewing the premises, the trial court made findings in favor of the defendants and rendered judgment dismissing the action. Plaintiff's motion for a new trial was overruled and she appealed assigning the insufficiency of the evidence to sustain the findings and the judgment.

The evidence shows that plaintiff was the owner of Block 14 of Mahoney Addition to Rapid City and that defendant Leora Huffman was the owner of Block 19 which adjoins plaintiff's property on the south. Block 20 referred to in the record as the Windham property borders the Huffman property on the east. A natural watercourse across plaintiff's property extends in a southeasterly direction into Block 20 and then turns in a southwesterly direction across the Huffman property. An embankment on the Windham property a few feet from and along the west boundary was some time prior to 1951 constructed across the watercourse for the purpose of impounding water. Defendants hauled a

number of loads of dirt on their property and by use of the dirt filled up depressions and leveled their land to make it suitable for residential purposes. It is this change in the surface of the property of defendants of which defendant complains. Plaintiff claims that the alteration and filling in caused surface water to collect and overflow in such volume as to enter her dwelling house and cause damage.

■ In this jurisdiction as applied to rural lands we have adopted what is known as the civil law rule. Thompson v. Andrews, 39 S.D. 477, 165 N.W. 9; Kougl v. Curry, 73 S.D. 427, 44 N.W.2d 114, 22 A.L.R.2d 1039. This rule places a natural easement or servitude upon the lower land for the drainage of surface water in its natural course and the natural flow of the water cannot be obstructed by the servient owner to the detriment of the dominant owner. Johnson v. Metropolitan Life Ins. Co., 71 S.D. 155, 22 N.W.2d 737; La Fleur v. Kolda, 71 S.D. 162, 22 N.W.2d 741; Kougl v. Curry, supra. Other jurisdictions have adopted the common-law rule which treats surface water as a common enemy and denies the right of natural easement or servitude for the flow of surface water and the owner of the lower land can repel surface water from the higher land without liability. In some jurisdictions which ordinarily follow the civil law rule, it is recognized that in the case of urban property changes and alterations in the surface are essential to the enjoyment of the property and that the owner may make changes in the surface of a city or town lot essential to its enjoyment regardless of the effect on the flow of surface waters provided he has not been negligent. 93 C.J.S. Waters § 114 b; see also annotation in 12 A.L.R.2d 1338.

Applying the civil law rule, the trial court concluded that plaintiff failed to establish a cause of action. Counsel for defendants urges that the facts in the case would in any event under the urban rule require an affirmance of the judgment. No survey had been made and evidence as to differences in elevations of the tracts involved is vague and indefinite. Witnesses undertook to testify from observation. The evidence is undisputed that there was a heavy rain in May, 1956, which caused an accumulation of water and

flooding of plaintiff's property and it may be conceded that surface or flood waters upon the land of the plaintiff would in its natural course, if unobstructed, flow upon and across the land of the defendants. It is clear that the elevation of the top of the embankment on the Windham property was higher than the surface along the boundary line to the west. The trial court estimated that there was a difference of two to three feet. Plaintiff claims that an opening in the embankment so as to allow water to flow naturally was made in the year 1954. Defendants contend that the embankment on the Windham property caused the backing of the water on plaintiff's land. They say that an opening in the embankment had not been made prior to the flood damage suffered by the plaintiff. It has been repeatedly recognized by this court that it is the prerogative and duty of the trier of fact to pass on the credibility of witness and determine conflicts in evidence. Bentz v. Esterling, 76 S.D. 331, 78 N.W.2d 73; Rhode v. Farup, 67 S.D. 437, 293 N.W. 632; Chicago Burlington & Quincy Railroad Co. v. Wheaton, 76 S.D. 467, 80 N. W.2d 868.

 We do not deem it necessary to consider the so-called urban rule and thus determine whether there is a difference in principle between the rights, duties and liabilities of adjoining urban owners and those of rural lands as regards surface waters. If it be conceded for the purpose of this decision that the civil law rule applied and that defendants did not have the right to turn back surface waters at the boundary line, the burden was on the plaintiff to show that the filling in of depressions on the property of the defendants caused water to back up and accumulate on her property. The trial court points out in his memorandum decision that it could not determine from the evidence whether water was turned back by the embankment on the Windham property or by the alterations in the surface of the property of the defendants and that regardless of whether or not the foregoing rule applies in the instant case plaintiff failed to make out a factual basis for a finding of infringement of her legal rights. Formal findings to that effect were entered as we have indicated. There is much conflict in the evidence and too it is at times confusing. In an action tried to the court with-

out a jury this court will not disturb the findings unless the evidence clearly preponderates against them. Houck v. Hult, 63 S.D. 290, 258 N.W. 142. The trial court had the advantage of seeing the witnesses in court and of hearing their testimony. On the record before us we conclude that the findings should not be disturbed.

The judgment appealed from is affirmed.

All the Judges concur.