EHLERS et al., Respondents v. JONES et al., Appellants

(135 N.W.2d 22)

(File No. 10212.  Opinion filed May 12, 1965)

**William F. Clayton,** States Atty., **Roger A. Schiager,** Deputy States Atty., Sioux Falls, for defendants and appellants.

**Davenport, Evans, Hurwitz & Smith, Ellsworth E. Evans,** Sioux Falls, for plaintiffs and respondents.

HOMEYER, J.  Plaintiffs brought this action to enjoin the defendants from proceeding with the construction of a county highway over their property.  They alleged the defendant county commissioners of Minnehaha County purported to condemn a strip of land 17 feet wide along the north side of their 160 acre homestead under SDC 28.1301 without a jury having fixed compensation and that this was a violation of their rights under Art. VI, Section 13 of the South Dakota Constitution as amended. The trial court held the provisions of SDC 28.1301 and the applicable portions of SDC 12.0618 placed unreasonable restrictions upon plaintiffs' right to a trial by jury and was unconstitutional.  The injunction was granted without prejudice to defendant board of county commissioners proceeding under SDC 1960 Supp. 37.40.  Defendants individually and as a board of county commissioners appeal from the order and judgment granting injunctive relief.

This action was instituted and heard in the court below on the basic assumption that defendants had complied with statutory requirements in attempting to condemn the land needed for the proposed highway construction.  The record submitted to us on this appeal does not contain a copy of the resolution alleged to have been adopted declaring the necessity for the appropriation of plaintiffs' property and the purpose and extent thereof;

and on oral argument counsel for defendants conceded that no such resolution was either adopted or served upon plaintiffs.

SDC 1960 Supp. 12.1806 empowers the board of county commissioners to condemn private property for highway construction and requires that "* * * such board shall by resolution and order declare such appropriation necessary to be made, stating the purpose thereof and the extent of such appropriation, and thereupon proceedings for such condemnation and appropriation shall be had as provided by law." See also SDC 28.1306. The procedure set forth in SDC 28.1301 contemplates the prior adoption of such a resolution and service thereof upon the owners. SDC 1960 Supp. 37.4001 provides: "* * * In all cases where any resolution, ordinance, or other proceeding of any corporation is required by law before taking private property, a copy of such resolution, ordinance, or proceeding shall be attached to such petition."

Proceedings to take private property by condemnation are special in character and must be conducted in strict accordance with governing statutes. Consequently, condemnation proceedings in which statutes have been ignored or with which there have been no substantial compliance are void. Town of Wayne v. Caldwell, 1 S.D. 483, 47 N.W. 547.

The passage of the resolution required by SDC 1960 Supp. 12.1806 and its service upon plaintiffs as called for in SDC 28.1301 was a condition precedent to a lawful condemnation. Without such compliance the board of county commissioners lacked authority and jurisdiction to proceed with the condemnation and its proceedings were a nullity. 18 Am.Jur., Eminent Domain, § 317; 29A C.J.S. Eminent Domain § 223a. For such reason the injunctive relief granted by the trial court must be sustained and we are not warranted to pass upon the constitutionality of the statute under which the defendants attempted to act. In re Forming and Organizing Common School District, etc., 61 S.D. 79, 246 N.W. 245.

Affirmed.

All the Judges concur.