**CITY OF WINNER, South Dakota, a Municipal Corporation, Plaintiff and Appellee,**

v.

**BECHTOLD INVESTMENTS, INC., a South Dakota Corporation, Defendant and Appellant.**

No. 17624.

Supreme Court of South Dakota.

Considered on Briefs April 20, 1992.

Decided July 1, 1992.

Stanley E. Whiting of Whiting Law Office, Winner, for plaintiff and appellee.

Rick Johnson of Johnson, Eklund & Abourezk, Gregory, for defendant and appellant.

AMUNDSON, Justice.

Bechtold Investments (Bechtold) appeals from trial court's judgment that the City of Winner (City), South Dakota, could proceed with its condemnation for the construction of a drainage ditch on property owned by Bechtold, and the amount of just compensation awarded by trial court. We affirm in part, reverse and remand in part.

## FACTS

In January, 1991, the city council of Winner passed a resolution of necessity indicating it was necessary to install a canal to carry run-off waters in order to complete City's drainage program. One piece of property over which the drainage channel was to pass was owned by Bechtold. This property was also subject to a temporary construction easement during construction of the ditch, which would terminate upon completion of the drainage channel. Accordingly, City served on Bechtold a summons and petition for condemnation with a plat of the drainage easement.

Bechtold answered the petition in February, 1991, and in March, moved for judgment on the pleadings based on City's incorrect use of SDCL ch. 46–16 as the chapter by which City had the power of eminent domain. City moved to amend the pleadings to correctly plead its right of eminent domain as arising under SDCL 9–27–1, which motion was granted by the trial court.

City hired Clarence Mortenson (Mortenson) to appraise Bechtold's property. Mortenson completed his appraisal in March, 1991, and determined just compensation for the taking, including the temporary construction easement, was $1,274.00. City then offered Bechtold $1,300.00 for the taking, which was refused by Bechtold.

At a hearing on the motion to amend and judgment on the pleadings on April 5, 1991,

trial court ruled it was not mandatory that City should state in the resolution of necessity and the pleadings themselves, which statute authorized the proceeding and, therefore, the erroneous cite in the petition was not fatal to jurisdiction in this condemnation action. On April 9, 1991, trial court held a separate hearing at Bechtold's request on City's right to take Bechtold's property. Trial court heard testimony from City's engineer, a city councilman, and the landowner, and sustained the resolution of necessity, finding no fraud or bad faith in City council's action.

The condemnation trial to the court, sitting without a jury, was held on May 14, 1991. Trial court heard testimony from Mortenson who, because of an error in his previous calculation, raised his opinion as to just compensation to $1,643.00. Bechtold also presented testimony through its expert Tom Felker (Felker), a real estate appraiser, who testified to just compensation in the amount of approximately $10,000.00. After hearing all the testimony, and accounting for an additional parcel of affected land (Lot J), which was not a part of the original action, trial court found Bechtold was entitled to just compensation of $4,500.00 for the drainage easement and $500.00 for the temporary construction easement, for a total award of $5,000.00. Bechtold appeals this decision. Further facts will be discussed below where relevant to the issues on appeal.

## ISSUES

1. Whether trial court erred when it allowed City to amend its petition and City council's resolution of necessity to correct the statute under which the condemnation was being pursued?

2. Whether trial court erred in its damage calculation based on its determination that City had provided Bechtold with sufficient information on the extent of the taking and had sufficiently specified future maintenance requirements on the drainage channel?

3. Whether trial court abused its discretion in setting Bechtold's damages at $5,000.00?

4. Whether trial court abused its discretion in denying Bechtold's attorney fees?

### STANDARD OF REVIEW

■■■ It is well settled in this jurisdiction that a trial court's findings of fact and decision are presumed correct and we will not seek reasons to reverse. *Insurance Agents, Inc. v. Zimmerman,* 381 N.W.2d 218 (S.D.1986); *Northern Hills Sanitation v. Board of Com'rs,* 272 N.W.2d 835 (S.D. 1978). In action tried to court without jury, this court will not disturb findings unless evidence clearly preponderates against them. *Gross v. Conn. Mut. Life Ins. Co.,* 361 N.W.2d 259 (S.D.1985) (citing *Young v. Huffman,* 77 S.D. 254, 90 N.W.2d 401 (1958)); *see also City of Huron v. Jelgerhuis,* 77 S.D. 600, 97 N.W.2d 314 (1959), which applied this standard in a condemnation case. With these considerations in mind, we address the merits of Bechtold's appeal.

1. *Amendment of Pleadings*

The applicable statute which gives the power of eminent domain to a city is SDCL 9–27–1, which provides in pertinent part as follows:

> [W]henever the governing body of any municipality shall deem it necessary to appropriate or damage any private property ... it shall, by a resolution passed by a two-thirds majority of all the members elected thereto, declare such appropriation necessary, stating the purpose and extent of such ·appropriation.

City's attorney, through admitted carelessness, pleaded the right of eminent domain in the resolution of necessity and its petition for condemnation, as arising under SDCL ch. 46–16, the chapter on water user districts.[1]

The required contents of a petition for compensation when property has been condemned under the power of eminent domain are set out in SDCL 21–35–2 as follows:

> A petition filed pursuant to § 21–35–1 [Petition for ascertainment of compensation] shall name the person, group, or corporation desiring to take or damage private property as plaintiff, and all persons having interest in or liens upon the property affected by the proceeding as defendants, so far as they shall be known at the time of filing the same. It shall contain a description of the property to be taken or damaged. The purpose for which the property is to be taken or damaged shall be clearly set forth in the petition. It shall not be necessary to specify the interests or claims of the several defendants in the land or property affected by the proceeding.

Trial court found it was not mandatory under either SDCL 9–27–1 or SDCL 21–35–2, to state the precise statute under which City was proceeding and, therefore, allowed City to amend the resolution of necessity and its petition for condemnation. Bechtold argues trial court erred in this decision because eminent domain statutes are to be strictly· construed in order to preserve due process guarantees.

Bechtold cites us to *Ehlers v. Jones,* 81 S.D. 351, 135 N.W.2d 22 (1965), for the proposition that condemnation statutes must be strictly construed. The precise language in *Ehlers* is as follows:

> Proceedings to take private property by condemnation are special in character and must be conducted in strict accordance with governing statutes. Consequently, *condemnation proceedings in which statutes have been ignored or with which there have been no substantial compliance are void. Town of Wayne v. Caldwell,* 1 S.D. 483, 47 N.W. 547 [1891].

81 S.D. at 353, 135 N.W.2d at 23 (emphasis added).

■■■ Neither SDCL 9–27–1 nor SDCL 21–35–2 mandate specifically pleading the source of statutory authority for the condemnation in the resolution of necessity or

---

1. SDCL ch. 46–16 is now codified at SDCL ch. 46A–9.

the petition for condemnation. Bechtold has not set forth any facts or evidence that show noncompliance or total ignorance of the statutes on condemnation proceedings. Further, there is no question whatsoever that City had the authority to condemn irregardless of the statute cited, and the petition filed in this matter contains all data required by the statute. Accordingly, trial court's decision to let City amend the resolution of necessity and petition for condemnation was not an abuse of discretion and is affirmed.

## 2. *Future Maintenance Requirements and 3. Damages*

We will address issues 2 and 3 together as they both concern the issue of just compensation for the taking of Bechtold's property. First, Bechtold argues trial court erred when it calculated its damage award because the evidence was unclear as to who would be responsible for maintenance on the ditch, and did not clearly establish what the estimated maintenance costs would be. As to Bechtold's assertion that it is unclear who will maintain the ditch, our review of the pleadings, trial transcript, and other evidence reveals City has accepted all maintenance responsibilities. Further, there is ample evidence that the drainage ditch was to be constructed in such a manner as to allow for relatively simple long-term maintenance, and City planned it that way since it intended to maintain the ditch. Thus, we find it clear City has assumed responsibility to maintain the ditch.

The second portion of Bechtold's argument is that it is difficult to ascertain any potential damage from a failure to maintain the ditch and trial court, therefore, could not have included such an amount in its damage calculations. When discussing the calculation of the potential damages, Bechtold's expert testified as follows:

Q: (by Mr. Johnson) What about the future maintenance plans on this channel?

A: (by Mr. Felker) There is no agreement of record that I am aware of as to that.

Q: Okay, and does this complicate the making of an appraisal of this property?

A: Yes, it does....

Q: What about the damage done to the remainder, what did you figure on that?

A: Well, damages to the remainder are sometimes difficult to estimate.

....

■ Notwithstanding this alleged difficulty, Felker advised trial court of his opinion for just compensation. This testimony was his opinion as to what a willing buyer would pay to a willing seller before the taking and after the taking, and is the appropriate measure of damages in a condemnation action. *Basin Elec. Power Co-op v. Poindexter*, 305 N.W.2d 46 (S.D. 1981). Since this witness testified to the difficulty in assessing damages to the remainder, it can only be concluded, based on this record, that the complications mentioned in his testimony were taken into consideration in arriving at his after-taking valuation.

■ This court has previously ruled that evidence regarding future damages in a condemnation action may be admissible under some unique circumstances. *State By & Through Dept., Etc. v. Richey Motor*, 296 N.W.2d 505 (S.D.1980). However, the evidence in the present case does not reflect such a unique situation that trial court was required to consider, as an element of damage, any alleged future maintenance deficiencies. *Richey, supra.* As such, we cannot say trial court erred in its damage award because it did not specifically include a separate award for this potential future damage in the event City did *not* ultimately maintain the ditch. Such damages would be speculative at best, and this court has previously held: " 'The elements of damage ... must not be remote, speculative or uncertain; they must be direct and proximate, and not such as are merely possible.' " *Basin Elec. Power*, 305 N.W.2d at 49 (quoting *Neb. Elec. Generation & Trans. Co-op., v. Tinant*, 90 S.D. 284, 291–92, 241 N.W.2d 134, 138 (S.D.1976) (citation omitted)).

■ If, in the future, City's maintenance of the drainage channel causes an additional taking of the Bechtold property, Bechtold may be entitled to seek further compensation under our prior decisions dealing with inverse condemnation. *See Hurley v. State,* 82 S.D. 156, 143 N.W.2d 722 (1966); *State Highway Commission v. Bloom,* 77 S.D. 452, 93 N.W.2d 572 (1958).

■ Trial court heard testimony on the measure of damages from City's engineers and appraiser, as well as from Bechtold's appraiser. While the evidence was admittedly in conflict, trial court considered the range of figures presented and awarded damages within the range of those figures. We find that trial court's damage award is supported in the record by a clear preponderance of the evidence. *Gross, supra.* Accordingly, we hold trial court did not err in its calculation of just compensation and its judgment is affirmed.

### 4. *Attorney Fees*

■ Bechtold argues that under SDCL 21–35–23 it is entitled to receive attorney fees and expert witness fees. SDCL 21–35–23 provides as follows:

> If the amount of compensation awarded to the defendant by final judgment in proceedings pursuant to this chapter is twenty percent greater than the plaintiff's final offer *which shall be filed with the court having jurisdiction over the action at the time trial is commenced,* and if that total award exceeds seven hundred dollars, the court shall, in addition to such taxable costs as are allowed by law, allow reasonable attorney fees and compensation for not more than two expert witnesses, all as determined by the court. (Emphasis added.)

City's final offer to Bechtold prior to trial was $1,300.00 and trial court ultimately awarded $5,000.00; thus, the require-

ment that the award be "twenty percent greater than the plaintiff's final offer" is met.

The argument herein arises because Bechtold did not file the offer contained in correspondence with City with the court prior to the trial. During the trial, the parties agreed on the record to the amount of this written offer.[2] Thus, this issue requires an interpretation of the filing requirement set forth in the statute. We have previously stated that "[t]he purpose of a statute is to be gathered from the whole act, *State v. Douglas,* 70 S.D. 203, 16 N.W.2d 489 (1944), and where a word or term is susceptible to two constructions, a meaning should be ascribed which carries out the purpose of the act." *Western Surety Co. v. Mydland,* 85 S.D. 172, 173–74, 179 N.W.2d 3, 4 (1970). Therefore, since the language of SDCL 21–35–23 is susceptible to varying constructions, we must determine legislative intent.

We have previously stated that, in order to determine legislative intent, we examine "[t]he evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject.... because the Legislature must have resorted to the same means to arrive at its purpose." *Elfring v. Paterson,* 66 S.D. 458, 462, 285 N.W. 443, 445 (1939). With these considerations in mind, it is clear the legislature intended for landowners to receive payment for expert witness fees and reasonable attorney fees under certain conditions.[3]

Although neither party filed the final offer prior to commencement of the trial, it is clear from the portion of the record set forth herein, that trial court was made aware of the amount of the final offer, thus there was substantial compliance with

---

2. During trial it was discovered there was more property involved than in Mortenson's original appraisal. Thus, parties' counsel held the following discussion before the court:

Mr. Johnson: ... but first, counsel, will you agree that the highest and best offer that the City gave to Mr. Bechtold before this was the amount of the first appraisal?

Mr. Whiting: I think it was thirteen hundred dollars or a little over.

3. 1983 S.D.Sess.L. ch. 170, provides in part as follows:

ENTITLED, An Act to provide for payment of necessary litigation expenses in certain eminent domain proceedings.

the statute under the facts of this case. It would undoubtedly have been better practice for a party seeking to recover witness fees and reasonable attorney's fees to have filed the final offer from the condemnor with the court to ensure its awareness of the amount. However, since the statute does not explicitly establish this as the landowner's obligation, and there is no question that the parties and trial court were aware of the amount, we find Bechtold substantially complied with SDCL 21–35–23 and is entitled to an award of expert witness fees and reasonable attorney fees. We hereby remand to trial court for a determination of Bechtold's expert witness fees and reasonable attorney fees.

Trial court's decision is hereby affirmed in part, reversed and remanded in part.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.