## GRANGER v. LORENZEN.

Rev. Pol. Code, § 2859, as amended by Laws 1907, c. 175, provides that no person shall maintain any place for the sale or disposal of intoxicating liquors within 300 feet of the grounds of any public or private school. Laws 1907, c. 177, declares that no license shall be granted for the sale of intoxicating liquors at any place within one-third of a mile of any college or academy which gives instruction in regular classical and scientific courses, and that the sale of liquor within such prescribed territory may be enjoined, provided that the act shall not be construed to apply to any school or college devoted only to instruction in business methods. Civ. Code, § 2443, provides that words in use in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. Held, in an action to enjoin the maintenance of a licensed saloon within 300 feet of an institution or "business college" conducted by plaintiff in which he gave instruction in bookkeeping, typewriting, stenography, commercial law, etc., that "school" meant a place for instruction in any branch or branches of knowledge, an establishment imparting education, also the institution or collective body of teachers and learners in such a place; and that, without qualification, was used of an institution for teaching children, and that, in view of the express exclusion of such institutions as that of the plaintiff by Laws 1907, c. 177, it was not such a school as was comprehended by section 2859 as amended; and hence that plaintiff was not entitled to an injunction.

The legislative intent is the vital question in the construction of a statute.

In ascertaining the legislative intent, the entire section construed should be considered in connection with recognized rules of interpretation and construction.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action for an injunction by Frank E. Granger against Arthur Lorenzen. Judgment for defendant, and plaintiff appeals. Affirmed.

*Taubman & Williamson,* for appellant. *L. W. Crofoot* and *A. W. Campbell,* for respondent.

HANEY, J. This is an action to restrain the defendant from maintaining a licensed saloon within 300 feet of an educational institution owned and conducted by the plaintiff in the city of Aberdeen. The learned trial court decided that the plaintiff was not conducting such a private school· as is contemplated by section 2859 of the Revised Political Code; that defendant's business was not a public nuisance; that the plaintiff had not sustained any special injury by reason of the business conducted by the defend-ant; that the plaintiff was not entitled to an injunction; and that the defendant was entitled to a judgment of dismissal and for costs. Judgment having been accordingly entered and a new trial refused, this appeal was taken.

[1] The statute referred to originally was as follows: "No person, firm or corporation shall engage in the business or calling of· selling intoxicating liquors in the same block with, or in any block adjacent to any public or private school, or within two hundred feet of any church." In 1907 it was amended to read as follows: "No person, firm, or corporation shall deal in, sell, keep for sale or give away intoxicating liquors or maintain any place for the sale or disposal for profit or otherwise of intoxicating liquors within three hundred feet of the grounds of any public or private school or within two hundred feet of any church." Laws 1907, c. 175. The same Legislature in another act provided: "No license shall be granted for the sale of intoxicating liquors at any place within one-third of a mile of any college or academy in the state of South Dakota, which gives instruction in regular classical and ·scientific courses, and any license issued or granted for the sale of intoxicating liquors within one-third of a mile of any such college or academy shall be revoked and the sale of liquor within such prescribed territory be enjoined by the circuit court upon proper application therefor; provided that this act shall not be construed to apply to any school or college devoted simply to instruction in business methods." Laws 1907, c. 177.

There is no uncertainty as to the character of the plaintiff's institution. It is a place where persons receive instruction in

bookkeeping, typewriting, stenography, arithmetic, elementary English, commercial law, and other branches calculated to qualify them for positions as bookkeepers, clerks, and assistants to persons engaged in ordinary business pursuits. Such institutions are common in this country. While the course of instruction may differ in different institutions as to minor details, the purpose of each is the same—instruction in practical business methods. Usually they are termed "business colleges." Is such an institution embraced by the provisions of the statute? It is expressly excluded from the operation of chapter 177, Laws 1907. So that act has no application and requires no consideration except in so far as the fact of its enactment by the same Legislature may aid in ascertaining the legislative intent as expressed by the amendment of section 2859. Then the question is whether plaintiff's institution is a "private school" within the meaning of the phrase as employed in such amendment. If a "school," it certainly is a "private" one. "Words in use in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." Rev. Civ. Code, § 2443. The noun "school" is thus defined in Webster's New International Dictionary: "A place for instruction in any branch or branches of knowledge; an establishment for imparting education; also, the institution or collective body of teachers and learners in such a place. When without qualification, *school* is now familiarly used of an institution for teaching children; as he went through *school* and college." As heretofore suggested, such institutions as the one operated by the plaintiff are usually spoken of as "colleges," not as "schools"; but, whether called "colleges" or "schools," the term is invariably qualified by the word "business" or "commercial."

In a case involving the application of a similar statutory regulation of the liquor traffic to a training school for nurses, the New York Court of Appeals, in a recent decision, used this language: "The cases which we have cited, although dealing with constitutional and statutory questions quite foreign to the precise subject of this discussion, are useful in illustration, because they emphasize the fact that when the term 'schoolhouse' is used in the funda-

mental law, or the legislative enactments of a state, the meaning of the term is always to be derived from the purposes for which it is employed. A 'school' in its broadest sense may be said to include any institution devoted to instruction of any kind; and in the same broad sense a 'schoolhouse' may be defined as a place or building used for any such purpose. But there are a great variety of so-called schools devoted to many special sciences and trades. There are schools for education in the professions of law, medicine, and theology; schools for painting, music, and other advanced arts; schools for stenography and typewriting; schools for dancing, gymnastics, physical culture, and boxing; and schools for almost numberless other more or less practical occupations. Many, if not all, of these special courses, are taken up by persons of mature years who have passed through the earlier educational training which is an essential preliminary to every avocation or vocation requiring intelligence, thought, or talent. All are instructive to a degree, but none are within the usually accepted definition of education. Much less can they be within the purview of a particular statute unless they are plainly specified in its terms, and still less are they to be considered within the definition of 'schools' and 'schoolhouses' as those words are ordinarily understood." In re Townsend, 195 N. Y. 214, 88 N. E. 41, 22 L. R. A. (N. S.) 194.

Section 2859, as originally enacted, prohibited the traffic "in the same block with, or any block adjacent to," any public or private school. In the section as amended, these words are changed to "within three hundred feet of the *grounds*" of any public or private school. The use of the word "grounds" in the amendment clearly indicates an intention to restrict the operation of the statute to schools located upon grounds permanently occupied for school purposes as distinguished from institutions such as the plaintiff's, which usually are located in business blocks, in business districts, and in rented rooms. The use of the word also suggests the thought of schools attended by children rather than adults, who do not require grounds for recreation during intermissions. Again, when the Legislature was dealing with colleges,

academies, institutions attended by persons of more mature age; when its attention presumably would be directed to such institutions as that conducted by the plaintiff—it expressly excluded business colleges from the operation of its enactment. Laws 1907, c. 177. If, in its wisdom, the Legislature did not deem it expedient to protect business colleges by the one-third of a mile limitation, there is no reason to assume it intended to place such colleges within the protection of the 300-foot limitation. In the face of this evident intention to exclude students in business colleges from the protection afforded students of corresponding age in other colleges, it certainly would be unreasonable to give the word "school," in section 2859, a meaning different from that ordinarily understood by it and one directly in conflict with the policy adopted by the same Legislature. To hold that the section embraces everything comprehended by the word "school" in its broadest sense would, as suggested by the court in Re Townsend, supra, lead to absurd conclusions, as there are all sorts and conditions of schools.

[2] What was the legislative intent? That is the vital question.

[3] Clearly, section 2859 was not intended to include all places of instruction. The word "school" has various shades of meaning. Consequently, in seeking to ascertain the legislative intent, the entire section should be considered in connection with recognized rules of interpretation and construction. Such consideration justifies the conclusion of the trial court that the section does not comprehend such an institution as that conducted by the plaintiff. Defining the word "school," as it has, for the purpose of giving effect to what it believes was the legislative intent with respect to the subject-matter embraced by the particular statute involved in this action, will not preclude this court from adopting a different definition in considering other statutes or the state Constitution, because the word is one the meaning of which always will depend upon the connection in which it occurs and the purpose of the provision in which it is employed.

The judgment of the circuit court is affirmed.