E. L. SEGAR *et al.* Plaintiffs in Error, *vs.* THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF ROCKFORD, Defendant in Error.

*Opinion filed June 18, 1925.*

1. SCHOOLS—*a school board must have authority to furnish text-books at public expense.* A board of education has no power to furnish text-books at public expense without specific authority.

2. SAME—*constitutional provision for free schools does not require text-books to be furnished at public expense.* A system of schools which permits all persons of school age residing in the district to attend classes and receive instruction in the subjects taught without a tuition charge provides free schools, and requiring the parents of pupils financially able to do so to provide their children with text-books, writing materials and other supplies required for the personal use of such pupils does not violate the constitutional provision for a system of free schools.

3. SAME—*school board must make rules regulating use of free text-books.* Under section 4 of the Free Text-book act the board

of education of a school district is not only authorized but is required to make rules and regulations to prevent the negligent or willful destruction of the text-books owned by the district, and when the board exercises its discretion in the matter the courts will not interfere with its judgment unless by arbitrary and discriminatory action it abuses the power granted.

4. SAME—*rule requiring a reasonable deposit for care of free text-books is valid.* A rule of a board of education requiring those who are financially able so to do to make a small deposit to secure the proper care of free text-books loaned to pupils in the different grades, the deposit being fifty cents for the first and second grades and so on up to two dollars for the high school, each deposit to be withdrawn at the end of the year if the books are returned in good condition, is a reasonable and valid regulation and is in harmony with the spirit and letter of the Free Text-book act.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

KNIGHT & MOHR, for plaintiffs in error.

ROY H. BROWN, (EDWARD P. LATHROP, ROBERT LATHROP, and WILLIAM LATHROP, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Pursuant to the provisions of an act to authorize boards of education and school directors to provide text-books to be furnished free for the use of pupils attending the public schools, (Laws of 1919, p. 915,) the question of furnishing free text-books was submitted to the voters of the school district of the city of Rockford at a special election held December 14, 1920, and the majority of votes cast were in favor of the proposition. Thereafter the board of education adopted a resolution containing, among other provisions, the following: "Therefore, be it resolved by said board of education that at the time text-books are distributed and loaned free to pupils attending the public schools

and residing within the school district of the city of Rockford, Illinois, each of said pupils, before he or she shall be entitled to receive such text-books, or the parent, parents or guardian of each of said pupils shall make or cause to be made with said board of education a deposit which shall cover all text-books to be used by the pupil in whose behalf such deposit is made, while such pupil is in the grade or class in which he or she is enrolled at the time such text-books shall be distributed. * * * Upon such pupil having no further use in school for the books so issued to him or her and the same being returned to said board in reasonably good condition, due allowance being made for the usual and ordinary wear or tear, thereupon the deposit made by such pupil, his or her parent, parents or guardian shall be returned to such pupil or his or her parent, parents or guardian. In the event any book or books issued to any such pupil upon being returned to such board shall disclose unreasonable wear and tear during the time such books have been in the hands and custody of such pupil such deposit or such part thereof as shall be necessary to cover such unreasonable use, wear and tear shall be retained by said board and used in rebinding, repairing or replacing such book or books." The amount of the deposit required varied according to the grade in which the pupil was enrolled, the deposit for the first and second grades being fifty cents, the third grade seventy-five cents, the fourth grade $1.25, the fifth to eighth grades, inclusive, $1.50, and the high school grades $2. Plaintiffs in error thereafter filed in the circuit court of Winnebago county their petition for writ of *mandamus* directed to the board of education commanding it to issue text-books without requiring the deposit to be made. The petition alleged that E. L. Segar had a son sixteen years old attending the Lincoln school, in the eighth grade; that Carl Fradine had a daughter eleven years old attending the John Nelson school; that Arvid B. Gustafson had a son nine years old attending the Brown school, in the fifth

grade; that Frank Grimmitt had children attending the public schools in the city of Rockford; that these children enrolled in said public schools and requested their teachers to issue to them text-books; that the teachers demanded the deposit of the sum fixed by the resolution of the board of education, and upon the refusal of the pupils and their parents to make such deposits they were denied the free use of the text-books provided for their respective grades. The board of education filed its answer, admitting the facts alleged and claiming the right to require the deposit under the provisions of section 4 of the Free Text-book act. The case was submitted for hearing upon the petition and the answer thereto, and judgment was entered in favor of the board of education. This writ is prosecuted to review that judgment.

Plaintiffs in error cite in support of their contention that the resolution adopted by the board of education is void, section 1 of article 8 of the constitution of this State. While they do not point out in what respect this section of the constitution is transgressed, we assume it is their position that provision for a system of free schools is not made until text-books are provided at public expense for the use of pupils attending the public schools. No authority is cited in support of such a contention, and we are of the opinion that none can be found. The authorities seem to be uniform that a board of education has no power to furnish text-books to the pupils at public expense without specific authority so to do. (Annotations, 17 A. L. R. 299; 45 L. R. A.—N. S.—972.) A system of schools which permits all persons of school age residing in the district to attend classes and receive instruction in the subjects taught, without a tuition charge, provides free schools, and the fact that the parents of pupils financially able to do so are required to provide their children with text-books, writing materials and other supplies required for the personal use of such pupils does not change the character of the school.

The real question in this case is the proper interpretation of section 4 of the Free Text-book act, which reads: "The governing body, however designated, of each district, shall make such legal rules and regulations as they deem proper for the care and preservation of text-books so furnished at public expense." Under this section the board of education is not only authorized but is required to make rules and regulations to prevent the negligent or willful destruction of the text-books owned by the district. When the board of education exercises its discretion in the matter the courts will not interfere with the judgment of the board unless by arbitrary and discriminatory action it abuses the power granted. *Wilson* v. *Board of Education,* 233 Ill. 464.

The total cost of one set of text-books for each of the twelve grades in the public schools of Rockford is $62.91½, and the maximum deposit required to guarantee the proper use of these books is $2. When the child enters school in the first grade the deposit required is fifty cents. At the end of the first year, if the books are returned in a reasonably good condition, the pupil or its parents are entitled to have the amount of the deposit returned. If they do not desire to have the deposit returned at the end of the first year the child can go through the second grade without an additional deposit being made. If the fifty cent deposit is left with the school board the pupil is required to deposit only twenty-five cents additional when he receives his text-books for the third grade. When he enters the fourth grade an additional deposit of fifty cents is required, and upon entering the fifth grade twenty-five cents more is added. No further deposit is required until the pupil is ready for high school. When he enters high school he must add fifty cents to the $1.50 already on deposit, and nothing further is demanded of him until he graduates, if he takes proper care of the text-books loaned to him. It is difficult to conceive of a regulation which will tend to preserve the text-

books loaned that would be more reasonable than the one established by the resolution in question. If the pupil or his parents are not financially able to provide the deposit, the resolution provides for the issuance to such pupil of the text-books without the deposit. The resolution is in harmony with the spirit and letter of the Free Text-book act and is a valid rule and regulation.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*