In Re FORMATION AND ORGANIZATION OF COMMON SCHOOL DIST. FROM GRENVILLE INDEPENDENT SCHOOL DIST. NO. 170.

(234 N. W. 763.)

(File No. 6678.   Opinion filed January 30, 1931.)

L. H. *Woodworth* and *Lewis W. Bicknell,* both of Webster, for Appellants.

*Waddel & Dougherty,* of Webster, for Respondents.

POLLEY, P. J. This controversy grows out of a petition asking for a division of the territory constituting Grenville independent school district No. 170, of Day county, and for the creation and organization of a common school district to consist of the territory segregated from said independent district. The petitioners will be referred to herein as the plaintiffs, and said independent district will be referred to as defendant. The proceeding was instituted under the provisions of chapter 175, Laws of 1923.

There is no high school in the defendant district. The portion of said district sought to be organized into a common school district contains more than 3,800 acres of land, and no part of the incorporated town of Grenville is included in the proposed new district.

The petition was filed with the clerk of the circuit court of Day county. A plat of the two districts was attached to the petition and filed therewith, and the petition stated that a division of the district was desired in accordance with the plat attached to the petition. The court fixed a time and place for a hearing of the petition, and notice thereof was published as required by the provisions of section 1 of chapter 175, Laws of 1923.

A hearing was had and evidence introduced by the plaintiffs. At the close of plaintiff's testimony, defendant moved the court to dismiss the proceeding on the ground that the evidence introduced on behalf of the petitioners is not sufficient to justify the court in segregating the district. This motion was granted, and, in the order granting the motion, the court made the following recitals:

"And the court having considered the evidence introduced by the plaintiffs or petitioners and being fully advised in the premises, finds that there is now a public school within Grenville Independent District No. 170, and also a parochial school in the Town of Grenville, and that nearly all the petitioners send their children to the parochial school; that the cause of education is sufficiently protected in the city of Grenville by these two schools and to organize a new school district in that territory under the evidence as introduced in this case would be wholly unjustified and would impose an unnecessary burden upon the people in the community and the taxpayers in the district; that it does not appear from the testimony that there is any actual demand or necessity for the organization of an additional school district within the territory of said inde-

pendent school district and the evidence in this case is wholly insufficient to justify this court in organizing or forming a common school district from the territory aforesaid; and that said petition should be, and the same hereby is, dismissed upon the merits," and at plaintiff's cost.

No evidence was submitted on behalf of the defendant, and no findings of fact nor conclusions of law were made by the court.

The last clause of section 1 of chapter 175 reads as follows:

"The court shall have full authority, by order, to fix and determine and shall by order fix and determine the boundaries of the districts affected, either as designated in the petition or as subsequently modified and shall have authority to refuse the petition, if in the judgment of the court, the interests of the district or districts should so require."

■■ The effect of this provision of the law is to require the granting of the petition, unless it appears from a consideration of all of the evidence that the interests of all parties concerned require its denial. When a sufficient petition has been filed and the court has fixed a time and place for hearing the same, and the notice thereof has been given as required by law, a prima facie case for the plaintiff has been made out, and the court has no authority to deny the petition, unless the evidence is such as to warrant a finding by the court that the interests of all parties concerned require such refusal; and, unless it is shown that the interests of the parties require a denial of the petition, it should be granted.

■ In determining this case, the trial court seems to have been influenced by the fact that there is a parochial school in the town of Grenville. This fact is wholly immaterial to any of the issues in the case. A parochial school is no part of the public school system of this state, and the presence of such a school within the district is not to be taken into consideration.

The judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings in conformity herewith.

CAMPBELL, BURCH, BROWN, and ROBERTS, JJ., concur.