**WEATHERBY v. GUERRERO.**

No. 8078.

Court of Civil Appeals of Texas. Austin.

April 17, 1935.

Rehearing Denied May 29, 1935.

Kerr & Gayer, of San Angelo, for appellant.

Anderson & Woods and Guy R. Mobley, all of San Angelo, for appellee.

McCLENDON, Chief Justice.

Eleno Guerrero, a Mexican ranch laborer, sued Sim Weatherby, a ranchman, for $225, alleged balance due for labor covering two periods at $30 per month. In a trial to a jury upon eight special issues, Guerrero recovered a judgment for $82.50. Weatherby has appealed.

The sole complaint is of special issues 7 and 8, on the ground that each is "multifarious, involves a conclusion of law, and is in the nature of a general charge."

The jury found that Guerrero had been settled with for the first working period. (issues 1 and 2).

As to the second working period, the issues were (3) whether Guerrero in fact worked during the period or was just staying on the ranch without working; (4) whether Weatherby had advanced Guerrero certain supplies, aggregating $37.50; (5) whether Guerrero had killed a dog belonging to Weatherby, and if so (6) what was the value of the dog (alleged at $150). No objection was made to any of these issues, or of the manner or form of their submission.

These were presented specifically in special issues 3, 4, 5, and 6; and were found in effect (3) that Guerrero did work; (4) that Weatherby furnished Guerrero the supplies; (5) that Guerrero did not kill the dog. The value of the dog was not found.

The complained of special issues found "from a preponderance of the evidence" (7) that Weatherby "is indebted to" Guer-

rero; and (8) that the amount of such indebtedness was $82.50.

Assuming that the objections to these issues were good, no material error is shown as they were but cumulative of the preceding issues, and may be altogether disregarded as surplusage. It is deleterious, not innocuous error with which appellate courts are concerned. The proper judgment upon issues 3, 4, 5, and 6 was a mere matter of simple calculation to or from which findings 7 and 8 neither added nor detracted anything. Finding 3 established Guerrero's claim for $120 (four months at $30). Finding 4 established Weatherby's credit of $37.50. Therefore, Weatherby owed Guerrero $82.50 as further specifically found by a jury of his peers. The dog passed out of the case with finding 5 exonerating Guerrero of responsibility for its demise. Its value thereby became an academic issue.

We concur in the jury's findings, sanctioned by the trial court's judgment, that Weatherby owes Guerrero a balance of $82.50 for his labor.

The trial court's judgment is affirmed.

Affirmed.