## Wirth et al. v. Board of Education For Jefferson County et al.

(Decided Nov. 26, 1935.)

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellants.

HENRY I. FOX and WILLIAM T. BASKETT for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The board for Louisville and Jefferson County Children's Home is a corporation created and existing under sections 938b-1 to 938b-23, inclusive, Kentucky Statutes. Its organization, history, and the purpose

of its creation and the scope of its authority and duties are reviewed in Fox v. Board of Louisville and Jefferson County Children's Home, 244 Ky. 1, 50 S. W. (2d) 67. Its authority and duties involved in this action are defined by sections 938b-10 and 938b-11. These sections confer the power and impose upon it the duty to provide and maintain or cause to be provided and maintained "such schools and forms of instruction in branches of useful, practical knowledge as may be proper or necessary" for the children received and kept therein. They confer upon it the discretion to bind out any child therein under twenty-one years of age "as apprentices to such persons, and at such places" "as in the judgment of the board may be most conducive to the reformation, or amendment, or benefit, or advantage of such children." Section 938b-10.

Section 938b-11 provides "the said board shall have full power and authority to make all rules and regulations, not inconsistent with law, necessary or proper for the effective management of said home * * * and for the maintenance, training and education, grading discipline, discharge and parole of the children received into said home, and all children received into said home shall be subject to such rules."

Section 938b-5 provides how the necessary funds for the maintenance of the home and carrying out the purpose of the statutes are to be obtained. It requires the fiscal court of Jefferson county and the city of Louisville "each to levy and collect a tax of not less than three and one-fourth ($3\frac{1}{4}$) cents nor more than five (5) cents on each one hundred dollars ($100.00) worth of taxable property in such county and city, respectively, as determined by the last regular assessment of said county and city respectively; and all funds derived from such levies and collections shall be paid over to said board for said purposes." It limits the right of the board to expend, in any year, "for the maintenance of said home and for the aforesaid work of said board," to "the total sum derived through the levy and collection of taxes for such year," and "as supplemented by any funds donated or given to said board for the like purposes, or as supplemented by funds derived from the sale or income of property given to said board for such purposes and by the income of the home for such year."

At the time of the trial of this action in the circuit court, the Louisville and Jefferson County Children's Home had under its jurisdiction 2,250 children; approximately, 400 at Ormsby village; 100 colored children at Ridgewood; about 650 in "boarding homes;" approximately, the same number in "mothers' aid homes," and the balance in "rehabilitation homes," or with their own people or relatives and self-sustaining.

In the beginning of the work of the board for Louisville and Jefferson County Children's Home, it maintained a kindergarten, nursery schools, and also a school of the first, second, and third grades, but as the population increased, those children most suitable were placed in "boarding" or "free homes." Later it established and now maintains schools of grades above the first, second, and third, including a high school for the inmates, in buildings owned by the board. The "boarding homes" are located in the county, some within, and others without, the city, and in rare instances children are placed in free homes. About 85 per cent. of those committed to the jurisdiction of the board are from the city, and 15 per cent. to 20 per cent. from the county outside of the city. The per capita cost of maintaining a child in the home is $460 a year, and about $250 per child in the "boarding homes."

The Jefferson county board of education until this year listed for common school purposes the children at Ormsby village, Ridgewood, and in "boarding homes" in the county outside the city. Those children residing in "boarding homes" within the city, until this year, were listed by the city board of education for like purposes. There are about 650 children under the jurisdiction of the board for Louisville and Jefferson County Children's Home residing in "boarding homes"; 200 of them in the county outside of the city. There are in the home about 650 infants not of school age. During this year, the city board of education and the county board of education demanded of the board of the Louisville and Jefferson County Children's Home the payments of tuition for those children eligible to attend the common schools under its jurisdiction, residing in "boarding homes," respectively, within and without the city limits.

Dewey Wirth, Jr., an infant under fourteen years of age, theretofore committed from the city to, and

under the jurisdiction of the board, under an arrangement of Clarence Heady and the board for Louisville and Jefferson County Children's Home, was placed in Heady's home in Jefferson county, outside of the city of Louisville. Its and Heady's arrangements provided Wirth with a "boarding home"; Heady assuming over him the authority of a foster parent; the board paying his board and medical bills, and Heady $3.50 a week for his board, retaining in itself the authority for its social workers to visit the home of Heady and ascertain whether he was exercising and discharging parental duties to Wirth. His "coming and going and his habits of living" are subject to Heady as foster parent as approved and disapproved, as the case may be, by the board, based upon information imparted to it by its social workers. The board exercised no immediate control over Wirth so long as Heady "handles the situation in an acceptable sort of way and exercises proper supervision" of him. If it obtains dependable information that Heady is not exercising such supervision over Wirth, "he may be removed from the home of Heady," and would be removed.

Ths action is to determine and have declared the obligations of county board of education respecting Wirth's right to attend common school while in Heady's home.

The circuit court's finding of facts was "that Dewey Wirth, Jr., is a resident for school purposes of the district where the board for Louisville and Jefferson County Children's Home has placed him." Its conclusions of law were:

"The education of Dewey Wirth, Jr., rests entirely with the board for Louisville and Jefferson County Children's Home and it alone is responsible for the means and opportunities of his education; and that the board of education for the city of Louisville is not responsible for tuition of Dewey Wirth, Jr., an inmate of the Louisville and Jefferson County Children's Home;" "and, further, in view of the fact that the Board for Louisville and Jefferson County Children's Home has received a fund by way of taxation for the education of its inmates, Dewey Wirth, Jr. is not entitled to attend the schools of the County Board of Education for Jef-

ferson County, unless tuition is paid for said child by the Board for Louisville and Jefferson County Children's Home.''

Dewey Wirth, Jr., by his next friend, Clarence Heady, appeals from so much of the judgment as deprives Dewey Wirth, Jr., of his absolute right and privilege to attend the free common schools taught and maintained in the common school district in which Clarence Heady, his foster parent, resides, so long as he (Wirth) remains in Heady's home. The board for Louisville and Jefferson County Children's Home appeals from so much of it as imposes upon it the obligation to pay Wirth's tuition while attending the common schools taught and maintained in the same district.

The residence of Wirth while in the home of Heady is a mixed question of law and fact.

We are convinced from a review of the evidence adduced, without giving weight to the chancellor's finding of facts, that the residence of Wirth, so long as he continues to remain in the home of Heady, is definitely fixed and governed by the principles stated in Board of Trustees of Stanford Graded Common School District v. Powell, 145 Ky. 93, 140 S. W. 67, 36 L. R. A. (N. S.) 341, Ann. Cas. 1913B, 1016, and Crain v. Walker, 222 Ky. 828, 2 S. W. (2d) 654. They are conclusive in the present one. And, accordingly, for common school purposes so long as he stays at Heady's home, Wirth is a resident of the common school district in which Heady resides, and he is entitled to attend, free of tuition, the common schools taught therein.

It is argued by the board of education that the statutes under which the board for Louisville and Jefferson County Children's Home was organized and now operates impose upon it the obligation to educate the children committed to its jurisdiction at its own expense, out of the funds derived from the levy and collection of taxes, under section 938b-5, and if this contention is not correct, then a child committed to the board for Louisville and Jefferson County Children's Home, and by it placed in a "boarding home," so long as such child remains an inmate of the "boarding home," is a nonresident of the school district in which the "boarding home" is located, within the purview of section 4399-51, Kentucky Statutes Supplement 1934.

And in case the child before its commitment to the board for Louisville and Jefferson County Children's Home was a nonresident of the district in which the "boarding home" is located, the boards of education may charge a reasonable fee per month for such child attending its schools, under section 4399-51.

The common schools of this commonwealth are state institutions. Boards of educations are administrative agencies of the state. The teachers thereof are employees of the state. The state pays to each common school district an annual per capita for each child residing therein eligible to attend the common schools. The chancellor's finding of law overlooks our Constitution and statutes appertaining to the common schools of the commonwealth. It deprives the children within the jurisdiction of the board for Louisville and Jefferson County Children's Home of the state's funds directed to be paid, and paid thereunder to the common school districts within and without the city. The requirements of sections 938b-10 and 938b-11 imposing the duties stated therein upon the board for Louisville and Jefferson County Children's Home, respecting the furnishing of education facilities and teaching of the inmates of the home eligible to attend the common schools, were not intended to, and do not deprive them of their absolute rights to free tuition while attending the common schools of the districts in which the board's institutions are located, or in which the "boarding homes" are situated, so long as they remain in the home or in the "boarding homes" in which the board for Louisville and Jefferson County Children's Home may place and maintain them.

Section 4399-51 is inapplicable to children so long as they reside in the school districts in which the institutions of the board for Louisville and Jefferson County Children's Home may be located or in the districts in which the "boarding homes" may be located. There seems to be no statute authorizing the state's per capita for each child within the jurisdiction of the board eligible to attend the common schools of the county or city to be paid the board for Louisville and Jefferson County Children's Home. The common school district in which any institution of the board is located whereat the child is kept, or the district in which the "boarding home" child is kept and maintained in pursuance to its

authority, is entitled to include such child in the school census of such district, and to receive the state's per capita accordingly. It is the statutory duty of the city and county board of education to permit the child included in such census to have all the rights and privileges of the free common schools of the district. They are without right to charge and collect of the board for Louisville and Jefferson County Children's Home tuition for such child.

The chancellor's finding of law not being in harmony with the views herein expressed, the judgment is reversed for proceedings consistent herewith.