HAAS, Appellant, v. INDEPENDENT SCHOOL DISTRICT
NO. 1 OF YANKTON et al., Respondents

(9 N. W.2d 707.)

(File No. 8510.   Opinion filed May 27, 1943.)

**H. A. Doyle,** of Yankton, and **F. D. Wicks,** of Scotland, for Appellant.

**W. W. French,** of Yankton, and **C. M. Stilwill,** of Sioux City, Ia., for Respondents.

BAKEWELL, Circuit Judge.   Appellant, Leonard Haas, on whose behalf this action is instituted, is a resident of the City of Yankton of school age and a pupil in the fifth grade of Sacred Heart Catholic School, a sectarian institution maintained and conducted by the Sacred Heart Catholic Church of Yankton within the boundaries of respondent school district.   Respondents are Independent School District No. 1 of Yankton, its clerk, and the members of its Board of Education.   Independent School District No. 1 is a school corporation maintaining in addition to its grade school a four year high school course.   As such it has adopted and furnished all text-books for the free use of the pupils enrolled in and attending the schools operated by the district.

Prior to the commencement of this action, appellant demanded of the defendant district and of its Board of Education the free use of all such text-books as are furnished to the pupils of the fifth grade of the public schools of Yankton to be used by him in his studies in the Sacred Heart School.   These having been refused him he has brought this action for a declaratory judgment adjudging him entitled thereto.   The trial court denied the relief sought and entered judgment adjudging that respondents had neither the right, the power nor the duty to furnish free text-books to appellant.   The appeal is from this judgment.

■■ To justify school authorities in furnishing text-books free to school pupils authority must be found in constitutional or statutory provisions since such boards are corporations with limited statutory powers and can exercise no power not expressly conferred by statute or arising from necessary implication. Honaker v. Board of Education, 42 W. Va. 170, 24 S. E. 544, 32 L. R. A. 413, 57 Am. St. Rep. 847; Honey Creek School Township v. Barnes et al., 119 Ind. 213, 21 N. E. 747; Board of Education v. Common Council of Detroit, 80 Mich. 548, 45 N. W. 585; Segar v. Board of Education, 317 Ill. 418, 148 N. E. 289; Attorney General ex rel. Marr v. Board of Education, 133 Mich. 681, 95 N. W. 746; Ries v. Hemmer et al., 127 Iowa 408, 103 N. W. 346.

If then the respondent school board can be compelled to furnish plaintiff with free text-books it is because the legislature in the exercise of a constitutionally unrestricted power, has delegated to such board the authority and fixed upon it the duty so to do. As relates to independent districts such as Yankton Independent District No. 1 this authority and duty is expressed by SDC 15.1706 which is embodied in SDC 15.17 entitled "Text Books". SDC 15.17 is found in Part III of Title 15, Code of 1939. Part III is entitled "The Public School System" while Title 15 embraces the entire subject of "Education" and is so entitled.

■■ Analysis of the phraseology of SDC 15.17 discloses an interchange of the phrases "public schools of the county" and "schools of the county" which indicates the synonymy thereof to be a matter of legislative intent. The manifest purpose and intent of the chapter as a whole is to insure uniformity in the text-books used in the public school system of the county and to provide the machinery for the distribution of such text-books to the several school districts therein. No mention is made in this chapter of private, sectarian, or parochial schools, nor is representation of such schools on the county text-book committee provided. The distribution of the books by the Auditor or County Superintendent of Schools is to the several school districts within the county and not to the pupils thereof. The cost

of such books is charged to and paid by the district receiving them, no provision being made whereby any pupil may acquire such books free or otherwise. The books adopted and purchased in pursuance of SDC 15.17 are available to all school districts in the county including independent districts maintaining four year high school courses, but the latter may if they so elect, adopt and purchase their own text-books under the provisions of SDC 15.1706, which reads as follows: "The Board of Education of any independent district maintaining a four-year high school course may adopt and purchase all text-books for any such independent district for a duration of time as may be decided by such board and furnish the same to the pupils of such district free as now provided by law. Such textbooks may be paid for from the school funds of such district."

It is appellant's contention that the phrase "pupils of such district" as it appears in this section means all the pupils residing within the geographical limits of the district and is not limited in its application to the pupils attending the public schools thereof; that since he resides within the boundaries of Independent School District No. 1 of Yankton and is of school age he is a pupil "of such district" within the purview of the statute, notwithstanding he does not attend any school maintained by the district, but is in fact enrolled in and in actual attendance upon a private sectarian school.

Considered separately and apart from the statutes relating to the public school system this phrase has the broad signification accorded it by appellant. The word "district" is defined by Webster as a "division of territory" and for all practical purposes the words "of" and "in" convey the same meaning which is that of location in or attachment to a place or thing. But we may not for the purpose of statutory construction consider this as a separate phrase or as being otherwise than a part of the law relating to the public school system of this state. Bartron v. Codington County, 68 S. D. 309, 2 N. W.2d 337, 140 A. L. R. 550; Granger v. Lorenzen, 28 S. D. 295, 133 N. W. 259; Starks v.

Presque Isle Circuit Judge, 173 Mich. 464, 139 N. W. 29, 43 L. R. A., N. S., 1142; State v. Johnson, 23 S. D. 293, 121 N. W. 785, 22 L. R. A., N. S., 1007; Meade County Bank of Sturgis v. Reeves, 13 S. D. 193, 82 N. W. 751; Jones v. Fidelity Loan & Trust Co., 7 S. D. 122, 63 N. E. 553; Van Dusen v. Fridley, 6 Dak. 322, 43 N. W. 703; Sutherland Statutory Construction Secs. 239-241.

■ Having returned this phrase to its proper setting we find that SDC 15.2001 defines the term "district" as follows: "Any territory heretofore or hereafter organized for school purposes is defined to be a school district and any such district may sue and be sued, contract and be contracted with, purchase, hold, and use personal and real property for school purposes, and sell and dispose of the same. The term 'district' wherever used in this title without qualifications or descriptive words shall mean any school corporation, except where a contrary intent plainly appears."

Since SDC 15.1706 from which the phrase under consideration was taken is a part of the title in which the foregoing definition is found, the interpretation of the word or term "district" is binding upon us in the construction of such word wherever it appears in that title. Kistner v. Iowa State Board of Assessment and Review, 225 Iowa 404, 280 N. W. 587; Emery Bird Thayer Dry Goods Co. et al. v. Williams et al., 8 Cir., 98 F.2d 166; W. J. Sandberg Co. v. Iowa State Board of Assessment and Review, 225 Iowa 103, 278 N. W. 643, 281 N. W. 197; State et al. v. City of Des Moines, 221 Iowa 642, 266 N. W. 41; Gilson Bros. Co. v. Worden-Allen Co., 220 Wis. 347, 265 N. W. 217; Greenleaf & Crosby Co., Inc., et al. v. Coleman, 117 Fla. 723, 158 So. 421; Von Weise et al. v. Commissioner of Internal Revenue, 8 Cir., 69 F.2d 439; McCarthy v. State, 170 Wis. 516, 175 N. W. 785; In re Monrovia Evening Post, 199 Cal. 263, 248 P. 1017; Montana Beer Retailers' Protective Ass'n v. State Board of Equalization, 95 Mont. 30, 25 P.2d 128. Substituting the term "school corporation" for the word "district" makes the phrase read "pupils of such school corporation" thus entirely eliminating the geographical import of the

phrase and attuning it with the spirit and manifest intent of the section in which it appears.

■■ In the light of this interpretation of such phrase let us now consider as a whole the statute authorizing the adoption and distribution of text-books by independent districts. The first mention of the word "district" in SDC 15.1706 relates to the Board of Education "of any independent district maintaining a four-year high school course" and unmistakably alludes to the district in its corporate capacity instead of as a geographical unit since the function of maintaining a high school is one for exercise by a school corporation only. The word next appears preceded by the word "such", the phrase being "such independent district." "Such" means: "Of that kind; of the same or like kind; identical with or similar to something specified or implied; * * * being the same as what has been mentioned or indicated." In re Hull, 18 Idaho 475, 110 P. 256, 257, 30 L. R. A., N. S., 465.

In its ordinary sense it signifies: "The same as previously mentioned or specified; not other or different." State ex rel. Anaconda Copper Min. Co. v. District Court, 26 Mont. 396, 68 P. 570, 574, 69 P. 103.

So defined the phrase "such independent district" has reference to the same district as previously mentioned and specified, which is the district which maintains in its high school a four-year course and does not refer to some district other or different. State ex rel. Anaconda, etc., v. District Court, supra.

■ The next use of the word "district" is in the phrase "pupils of such district", the interpretation of which is under consideration here. The word "such" preceding the word "district" in this phrase again links the word "district" to the corporate entity which maintains the high school and which has adopted and purchased text-books for the use of the pupils attending its schools. In short, it refers to the public school corporation and not to the territory embraced within its jurisdiction.

■ There are other factors bearing on the question of legislative intent in the adoption of the uniform text-book statute, but in view of the interpretation we have given to the statute itself discussion of the same would serve no useful purpose. Neither is it necessary or proper that we consider the constitutional questions so ably and exhaustively discussed both in oral argument and in the briefs of counsel. One of the most firmly established doctrines of constitutional law is that a court will pass on the constitutionality of a law only when necessary to the determination upon the merits of a cause under consideration. In re Forming and Organizing Common School District, etc., 61 S. D. 79, 246 N. W. 245; Baker v. Grice, 169 U. S. 284, 18 S. Ct. 323, 42 L. Ed. 748; In re Johnson's Estate, 139 Cal. 532, 73 P. 424, 96 Am. St. Rep. 161; 11 Am. Jur. 721; 16 C. J. S. Constitutional Law, 394, p. 208 (and cases cited in Note 43 thereon) and will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided. Wright v. Vinton Branch of Mountain Trust Bank, 300 U. S. 440, 57 S. Ct. 556, 81 L. Ed. 736, 112 A. L. R. 1455; Goetsch et al. v. Home Owners' Loan Corporation, 67 S. D. 194, 291 N. W. 575.

■ It is said to be an elementary principle that where the validity of a statute is assailed and there are two possible interpretations by one of which the statute would be unconstitutional and by the other it would be valid, the court should adopt the construction which would uphold it. Clark Implement Co. v. Wadden et al., 34 S. D. 550, 149 N. W. 424, L. R. A. 1915C, 414; 11 Am. Jur. 725, 728.

■ For the reasons herein expressed we are convinced that it was neither the intent nor the effect of SDC 15.1706 to empower or require public school corporations to furnish text-books either to pupils of private, sectarian or parochial schools or to any other person not actually enrolled in and in attendance upon some school maintained as a part of the public school system of this state.

■ A parochial school is no part of such public school system. Hlebanja v. Brewe, 58 S. D. 351, 236 N. W. 296; In

re Formation & Organization of Common School Dist., etc., 58 S. D. 19, 234 N. W. 763.

Finding no error in the record the judgment of the learned trial court is affirmed.

BAKEWELL, Circuit Judge, sitting for POLLEY, J., disqualified.

All the Judges concur.