## Williams, Superintendent of Public Instruction, et al. v. Board For Louisville and Jefferson County Children's Home et al.

May 30, 1947.

Rehearing denied October 17, 1947.

W. B. Ardery, Judge.

Eldon S. Dummit, Attorney General, J. L. Hughett, Assistant Attorney General, and M. J. Sternberg for appellants.

Lawrence S. Poston, Gilbert Burnett, and Samuel Steinfeld for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

In this opinion the parties will be referred to as plaintiffs and defendants.

This declaratory judgment action was instituted by the Board for Louisville and Jefferson County Children's Home (hereinafter referred to as the Board or as the Home) and its Superintendent, Henley V. Bastin, against John Fred Williams, Superintendent of Public Instruction of the Commonwealth, and the Kentucky State Board of Education to test the constitutionality of Chaper 198, page 531 of the Acts of 1946, carried into the

1946 edition of the Statutes as KRS 160.620, which created an independent school district of the grounds owned or leased and maintained in any county by a city and county children's home established under KRS, Chapter 201. Defendants' demurrer to the petition was overruled, and upon their declining to plead further the trial judge declared the Act was valid and adjudged that defendants must comply therewith. Defendants appeal.

The Home was established under an act of 1920, now KRS, Chapter 201, which was held to be constitutional in Fox v. Board for Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S. W. 2d 67. The material part of the Act of 1946 reads:

"Any city and county children's home established and maintained in accordance with the provisions of KRS Chapter 201 and the grounds owned or leased and lawfully maintained by the board in connection with said home, shall constitute an independent school district. Any school or schools consisting of the elementary and high school grades maintained in connection with said home shall be recognized as public schools, and they and the teachers and pupils therein shall have all the rights and privileges granted by law relating to public schools, teachers and pupils in independent school districts. The school district shall be designated and known as the Independent School District of the . . . (Name of city) and . . . (Name of county) County Children's Home. The schools maintained in such district and the administration thereof shall be subject to the law governing independent school districts of the state, and the rules and regulations of the State Board of Education relating thereto, with the following exceptions:

"(1) The board created and appointed under KRS 201.020 shall serve as the board of education for such independent school district.

"(2) The superintendent of the home appointed and acting under KRS 201.030 shall serve as the superintendent of schools for such independent school district.

"(3) The schools of such district shall be financed from a portion of the funds derived from taxes levied in accordance with KRS 201.170 and from all such other

442

funds as may be received for school purposes from state, federal or other sources.

"(4)  For the purpose of reporting the school census to the Superintendent of Public Instruction, as prescribed by KRS 159.260, all children who have been duly committed or received and who on June 1 of any year are being maintained at said home, shall be considered as residing in said independent school district on said date."

It is insisted that this 1946 Act violates secs. 27, 28, 59  subsec. 25, 155, 165, 179, 180, 183 and 234 of our Constitution.  As we have reached the conclusion that the Act is in conflict with sec. 165, it will not be necessary to consider or discuss the other sections which defendants claim are violated by it.  The applicable part of sec. 165 of our Constitution reads:

"No person shall, at the same time, be a State officer or a deputy officer or member of the General Assembly, and an officer of any county, city, town, or other municipality, or an employee thereof; * * *."

Both plaintiffs and defendant agree that members of boards of education and school superintendents are State officers.  Commonwealth v. Burnett, 237 Ky. 473, 35 S. W. 2d 857; Tipton v. Commonwealth, 238 Ky. 111, 36 S. W. 2d 855; Polley v. Fortenberry, 268 Ky. 369, 105 S. W. 2d 143.  But it is urged by plaintiffs that the members of the Board and the Superintendent of the Home are likewise State officers as their primary duty is to educate the children of the Home, and sec. 165 of the Constitution does not prohibit a person from holding two State offices.

We cannot agree with plaintiffs that the Board and Superintendent of the Home are State officers, and we are constrained to regard them merely as city and county employees.  If they are not such employees, then they are city and county officers, but they are not State officers. It is true KRS 201.040 provides that the Board shall make all rules and regulations for the management of the Home and for the "maintenance, training and education, grading, discipline, discharge, and parole of the children received into the home, and all children received into the home shall be subject to such rules."

And KRS 201.120 says: "The board shall provide and maintain such schools and forms of instruction in branches of useful, practical knowledge as may be proper or necessary for the education of the inmates of the home, and for the acquirement and practice of useful labor or trades, as may be suitable to the age and capacity of the children. The board shall cause the children to be employed in such instructional pursuits in the home and on the grounds."

The quoted parts of the two above mentioned sections lack much of making the Board of the Home a school board. Naturally, the Board of the Home is charged with the education of the children, just as parents are charged with that important duty. The Board occupies somewhat the position of parents to these children and it could properly be said that the Board stands in loco parentis to them. When the Board is charged with "maintaining such schools and forms of instruction in branches of useful, practical knowledge," it was not thereby created into a school board. A city government is charged with the duty of maintaining schools for the education of children residing in the city, yet the city council are not members of the city school board; and should the General Assembly attempt to convert the council into a school board, the Act would be void under sec. 165 of our Constitution forbidding a person to hold both a State and municipal office at the same time.

We are asked to keep in mind the quadripartite characteristics of the situation in which four political subdivisions are involved, which are the Independent School District, the City, the County and the State, all engaged in a matter of State concern and working toward the accomplishment of the State function of caring for and educating the children in the Home so as to make useful citizens of them to the benefit of the State. We have seen that members of the school board are State officers, but we do not understand how it can be said with reason that the City of Louisville and Jefferson County in providing this Home are exercising functions of the State government, rather than those of the City or County government merely because the State is interested in the outcome of the work—the children being developed into useful citizens. The same line of reasoning would convert a joint city and county hospital for children into

a State rather than a municipal agency because the State is interested in sick or crippled children being cured so that they may become useful citizens.

Nor can we agree with plaintiffs that Fox v. Board for Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S. W. 2d 67, and Wirth v. Board of Education for Jefferson County, 262 Ky. 291, 90 S. W. 2d 62, recognize the Home as an agency of the State, otherwise the General Assembly could not have mandatorily required either the city or the county to make the tax levy required to create the Home.

The Fox opinion is to the effect that the Home is an institution which serves a public purpose in rescuing delinquent, neglected or helpless children of the city and county and developing them into useful citizens. Such service is a matter of public concern not only to Louisville and Jefferson County, but to the State at large. Therefore, the General Assembly could require the city and county to levy a tax to support the Home.

The Wirth opinion holds that where the Home places the children in a private "boarding home" with the Home retaining supervision over the children, such children become residents of the school district wherein the "boarding home" is located, and may attend its common schools while in the "boarding home" without the payment of tuition. It was pointed out in that opinion that there seems to be no statute authorizing the State's per capita for each child within the jurisdiction of the Home, eligible to attend the common schools of the county or city, to be paid the Board of the Home.

Plaintiffs urge that additional duties may be imposed upon State officers without violating the Constitution, citing such authorities as Coleman, Auditor, v. Hurst, 226 Ky. 501, 11 S. W. 2d 133; Kerr v. City of Louisville, 271 Ky. 335, 111 S. W. 2d 1046; Rouse v. Johnson, 234 Ky. 473, 28 S. W. 2d 745, 70 A. L. R. 1077. They insist that the 1946 Act only imposes additional duties upon the Board of the Home. The weakness of that argument is that the members of the Board are not State officers but city and county employees, or at most, city and county officers.

As the members of the Board and the Superinten-

dent of the Home are city and county employees, the General Assembly was prevented by sec. 165 of our Constitution from converting them into a school board and school superintendent, which are State officers, since that section forbids a person from at the same time serving as a state officer and a municipal employee.

The judgment is reversed with directions that one be entered declaring the 1946 Act void.