HODGKIN, Superintendent of Public Instruction, et al. v. BOARD FOR LOUISVILLE & JEFFERSON COUNTY CHILDREN'S HOME.

Court of Appeals of Kentucky.

Oct. 19, 1951.

. A. E. Funk, Atty. Gen., Owen Keller, Ass't Atty. Gen., Frankfort, for appellant.

Lawrence G. Duncan, Lawrence S. Poston, Court House, Louisville, for appellee.

CULLEN, Commissioner.

In an action against the Superintendent of Public Instruction, the State Board of Education, and the Attorney General, a declaratory judgment was sought, by the Board for Louisville and Jefferson County Children's Home, as to the validity and enforceability of an Act of the 1950 General Assembly relating to the management and financial support of the school operated at the Louisville and Jefferson County Children's Home. The lower court upheld the Act, and the defendants have appealed.

The Act in question, Chapter 184 of the Acts of 1950; KRS 160.630, reads as follows:

"Section 1. Any school established and maintained in conjunction with an institution created under the provisions of Chapters 198 and/or 201 of the Kentucky Revised Statutes shall be deemed a common school of the State of Kentucky and shall be entitled to all the rights and privileges granted by law to public common schools.

"Section 2. Any school so established shall be under the supervision and control of the State Department of Education and shall comply with all rules, regulations and requirements of said Department promulgated for public common schools, and shall likewise comply with all laws relating to public common schools and teachers thereof.

"Section 3. Any school so established shall be financed from (1) a portion of the funds derived from taxes and levies or appropriations made in accordance with law for the general maintenance of such institutions and (2) its equitable share of such other funds as may be received by the State Department of Education for distribution to public common schools from State, Federal or other sources.

"Section 4. Any school so established shall be entitled to receive free textbooks and any other services or supplies furnished by the State Department of Education.

"Section 5. For the purpose of reporting the school census of schools maintained in such institutions, the governing authority of such institutions shall as provided in the Kentucky Revised Statutes 159.260 report to the Superintendent of Public Instruction all children of school age who on June 1, of any year are being maintained in such institutions."

It will be noted that the Act relates to schools maintained in conjunction with the Houses of Reform as well as those at the Louisville and Jefferson County Children's Home, but in this case the Act is in question only as it relates to the Home. The Houses of Reform are state institutions, operated by the Department of Welfare, see Chapter 198, KRS; while the Louisville and Jefferson County Children's Home is a local institution operated jointly by Jefferson County and the City of Louisville. See Chapter 201, KRS.

It is obvious that the main purpose of the 1950 Act was to enable the schools of the two institutions to share in the Common School Fund provided for by Sections 184, 185 and 186 of the Constitution and by KRS 157.010 to 157.050, and the Act squarely presents the question as to whether a school operated by any public authority other than a regular school district may constitutionally receive a portion of the Common School Fund.

Section 183 of the Constitution directs that the General Assembly shall provide for an "efficient system of common schools". Section 184 establishes the Common School Fund, ordains that it shall be "held inviolate for the purpose of sustaining the system of common schools", and specifically prohibits appropriation of the fund to any purpose other than education in common schools. Section 186 provides that the fund shall be used only "for the maintenance of the public schools", and that each school district shall be entitled to receive on a census pupil basis its proportionate part of at least 75 percent of the fund.

In declaring that a school maintained in conjunction with the Louisville and Jefferson County Children's Home shall be deemed to be a common school, the legislature has attempted to make into a common school something which, by the very meaning of the term, cannot possibly be a

common school. As we said in Pollitt v. Lewis, 269 Ky. 680, 108 S.W.2d 671, 674, 113 A.L.R. 691, "Neither the ipse dixit of this court nor the pronouncements of the Legislature can make an institution a part of the common school system contrary to the mandate of the Constitution."

■ The whole tenor of the constitutional and statutory provisions of Kentucky with regard to schools is that in order for there to be a common school there must be a common school *district*. As early as 1874, in Collins v. Henderson, 11 Bush 74, 74 Ky. 74, and as recently as 1942, in Sherrard v. Jefferson County Bd. of Ed., 294 Ky. 469, 171 S.W.2d 963, this court has said that a "common school" is a school taught in a district laid out by authority of the school laws, under the control of trustees elected under those laws, by a teacher qualified according to law to teach. Section 186 of the Constitution does not provide for the distribution of the Common School Fund to "schools," but to "each school district." The statutes relating to distribution of the fund, KRS 157.010 to 157.050 provide only for distribution to school districts, and this was recognized by the court in Jefferson County Board of Education v. Goheen, 306 Ky. 439, 207 S.W. 2d 567, 569, wherein it was said that the Common School Fund "can be paid only to school districts and not to another department of the state government or to a private institution."

■ A school operated in conjunction with the Louisville and Jefferson County Children's Home, either by the governing board of the home or by the State Board of Education, cannot be a "common school" because a common school cannot exist without a common school district, and the school at the Home cannot receive a share of the Common School Fund because the Constitution directs that the fund be distributed to school districts.

An Act of the 1946 General Assembly, Acts 1946, c. 198, declaring that the Louisville and Jefferson County Children's Home should constitute a school district was held unconstitutional in Williams v. Board for Louisville & Jefferson County Children's Home, 305 Ky. 440, 204 S.W.2d 490. In the 1950 Act now before us, the legislature has, in effect, attempted to make the home a school district without using those words.

■ We hold that the Act in question is unconstitutional, in so far as it applies to the Louisville and Jefferson County Children's Home. The Act as it applies to the Houses of Reform is not before us for consideration.

Our holding is that state aid to institutional schools of the character here involved is not within the scope of sections 183 to 186 of the Constitution. Specifically, these sections of the Constitution neither authorize appropriations of the Common School Fund to such schools, nor do they bar the use of other state funds for such schools.

■ In Jefferson County Board of Education v. Goheen, 306 Ky. 439, 207 S.W.2d 567, speaking with reference to the Kentucky Children's Home (a state institution), we said: "We can think of no legitimate argument against the appropriation of an adequate sum of money to set up a much needed program of education which, undoubtedly, would require many special features, for children in the Home * * *." The fact that the Louisville and Jefferson County Children's Home is operated by local government units will not prevent an appropriation of state funds to aid the home in performing a function that is of a general benefit to the state. See Miller v. State Building Commission, 308 Ky. 249, 214 S.W.2d 265.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.