**HODGKIN v. KENTUCKY CHAMBER OF COMMERCE et al.**

Court of Appeals of Kentucky.

Feb. 29, 1952.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellant.

James W. Stites, John Shepard, Covington, William T. Baskett, Louisville, James Meadows, Newport, Lorimer W. Scott, Newport, amici curiæ for appellant.

Simeon S. Willis, Ashland, Rudy Yessin, Joseph J. Leary, Frankfort, for appellees.

SIMS, Justice.

This appeal presents but one question, the narrow one of whether under § 186 of our Constitution the common school fund of the State shall be distributed on a per capita basis of children actually in school; or on the per capita basis of children of school age residing in the district, regardless of whether they are actually in school. The chancellor decided the distribution should be on the basis of the number of children of school age actually attending school.

Section 186 of the Constitution directs how the school fund shall be distributed. The part pertinent to this litigation, as amended in 1949, reads: "* * * each school district in the Commonwealth shall receive on a census pupil basis its proportionate part of at least seventy-five per cent of any fund accruing to the school fund." It is contended by appellant the words "census pupil" mean all children of school age in the district; while appellees contend these words mean only the children of school age actually in attendance in school.

In arriving at the proper meaning of "census pupil", it may be of assistance to review our several Constitutions and the amendments thereto, as well as statutes,

which relate to the distribution of the common school fund. Our third Constitution adopted in 1850 was the first which dealt with the distribution of this fund. It merely said: "The general assembly shall make provision * * * that each county shall be entitled to its proportion * * * of said fund." Article 11, Constitution 1850. The next Legislature provided that the auditor should apportion each year the common school fund "among the several counties of the state, according to the number of free white children in each between the ages of six and eighteen years, as shown by the returns of the assessors in his office." Rev.Stats. 1852, p. 599. Mr. Robert J. Breckinridge, Superintendent of Public Instruction from 1847–1851, vigorously opposed this action by the Legislature on the ground that the distribution should be made according to the number of children in school rather than the number of children of school age in the county. See Report of the Superintendent of Public Instruction for year 1851. Ky. School Rep. 1847–1852.

In construing Article 11 of the 1850 Constitution in Auditor v. Holland, 77 Ky. 147, on page 149, it was said the school fund should be distributed among the several counties in the proportion that the "school-ages" children in the county bear to all the school-children in the State. The framers of the 1890 Constitution were of the impression that under the 1850 Constitution the school fund was distributable on the basis of the number of children of school age in the county. We say this because in the debates of the Constitutional Convention of 1890, 4 Const. Debates, p. 4586, we find that Mr. Bronston when referring to the basis of the distribution of the school fund under the 1850 Constitution said it was "upon the basis of the number of school children within the school age in each county".

Section 186 of the Constitution of 1890 provides, "Each county in the Commonwealth shall be entitled to its proportion of the school fund on its census of pupil children for each school year". This seems to be the first reference made to "census pupil" in the distribution of the school fund. An Act of 1920, Acts of that year, Chapter 4, page 5, submitted an amendment to § 186 which permitted the General Assembly to prescribe the manner of the distribution of this fund, "provided, however, that not more than ten per cent of said public school fund shall be distributed other than upon the per capita basis." The people rejected this amendment. In 1940 the General Assembly submitted practically the same amendment to § 186 as that defeated at the polls in 1921, Acts of 1940, Chapter 64, page 294, and this time the voters approved the amendment. Then in 1949 by amendment this 10% was raised to 25%, but the 90% left in the fund by the 1941 amendment, as well as the 75% left in it by the 1949 amendment, was made distributable "on a census pupil basis". Acts of 1948, Chapter 163, page 368. Could it be the 1920 amendment was defeated because it made the distribution upon a pro rata basis without stating what the basis for the pro rata was?

In 1916 the Legislature made a general revision of the school law, Acts of that year, Chapter 24, page 162. Section 14 of that Act, page 168, subsequently became KS 4375 in the 1930 edition of the Statutes, and provided for the distribution on the basis of the "pro rata share to which each pupil-child will be entitled, according to the whole number of such children residing in each county, as shown by the returns of the county superintendent." When the school law was again rewritten by the 1934 Legislature, Acts of that year, Chapter 65, page 197, section 4, page 210, provided the distribution should be made to each school district "according to the number of children listed in its census enumeration." This section became KS 4370–4 in the 1936 edition of our Statutes, and is now KRS 157.040 which latter section says the distribution shall be made "according to the number of children listed in the census enumeration as shown by the annual report of the attendance officer."

Thus, for fifty years before the writing and adoption of the present Constitution and for fifty years thereafter, every reference to the distribution of the school fund provided it should be made according

to the number of children in the school district. At no time has the distribution been based on the number of pupils actually in attendance in school. No attempt was made to change the accepted meaning in amending the section in 1940 and again in 1949.

The General Assembly of 1930 enacted a bill appropriating $1,250,000 annually out of the State treasury to be expended as the State Board of Education should provide, Acts of 1930, Chapter 36. In Talbott v. Kentucky State Board of Education, 244 Ky. 826, 52 S.W.2d 727, it was held this Act ran afoul § 186 of our Constitution which requires the school fund to be distributed on a pro rata or per capita basis. True, the opinion did not say on what the per capita or pro rata was based, but § 186 which the court was then construing read at that time, "Each county in the Commonwealth shall be entitled to its proportion of the school fund on its census of pupil children for each school year". Therefore, the per capita or pro rata referred to in the opinion of necessity was based on the county census of pupil children. The opinion further states the Act of 1930 was the first challenge to this construction placed on § 186 by the Legislature, lawyers and laymen. The Talbott opinion was followed in Board of Education of Calloway County v. Talbott, 261 Ky. 66, 82 S.W.2d 1059, at page 1062.

Appellees call attention to the rule, "All words and phrases shall be construed according to the common and approved usage of language * * *", KRS 446.080(4); also, to the familiar rule in statutory construction that every word is to be given meaning and effect. Varney v. Justice, 86 Ky. 596, 600, 6 S.W. 457, 459. They insist we should apply to § 186 the dictionary meaning of "pupil", "a person of either sex or of any age under the care of a teacher". Funk & Wagnall's New Standard Unabridged Dictionary. Appellees cite several foreign cases such as Kruse v. Independent School District of Pleasant Hill, 209 Iowa 64, 227 N.W. 595; Hass v. Independent School District #1 of Yankton, 69 S.D. 303, 9 N.W.2d 707; Cavanagh v.

Ballou, Supt. of Public Instruction, D.C., 36 F.Supp. 444; Wirth v. Corning, D.C., 75 F.Supp. 817; Northrop v. City of Richmond, 105 Va. 335, 58 S.E. 962; Selectmen of Clinton v. Worcester Consolidated Street Ry. Co., 199 Mass. 279, 85 N.E. 507; Com. v. Conn. Valley Street Ry. Co., 196 Mass. 309, 82 N.E. 19. All of these cases practically accept the dictionary definition of "pupil", as one in attendance in school, usually a primary school.

■ However, it will be noted the term used in § 186 of our Constitution is not "pupil" but "census pupil". Under the rule that each word in the Constitution should be given meaning and effect, we are not at liberty to disregard "census" used in § 186. Since the adoption of our 1890 Constitution the school authorities and the Legislature of this State have construed "census pupil" or "census of pupil", as not a child in actual attendance in school, but one within school age residing in the district. In effect the Talbott case, 244 Ky. 826, 52 S.W. 2d 727, adopted the construction that "pupil" or "census pupil", as used in § 186, means a child of school age residing in the school district.

■ The Talbott case was decided before the 1941 and 1949 amendments to § 186, both of which use the term "census pupil" which is the same as "census of pupil" used in § 186. The Talbott opinion quotes from the report of the Kentucky Educational Commission appointed by the Governor under authority of the 1920 General Assembly, as well as from the report of the Efficiency Commission of Kentucky created by the General Assembly in 1922 (Chapter 115, Acts of that year), both of which criticize the distribution of the school fund on a per capita based on the "census of pupil children". Neither report suggested any other construction should be given § 186 than that given it in the Talbott opinion and both reports state any other method of distribution is impossible under our present Constitution. The general rule is, when an amendment is made to a provision in a constitution to which a certain construction has been given, it will be presumed its unchanged por-

tions have the same meaning formerly given it by legislative or judicial construction. 11 Am.Jur. "Constitutional Law" § 67, p. 684; District Board, etc. v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348. This same rule likewise applies to a statute. Com. v. Trousdale, 297 Ky. 724, 181 S.W. 2d 254, and many authorities cited therein.

Appellees seem to place some reliance on Jefferson County Board of Education v. Goheen, 306 Ky. 439, 207 S.W.2d 567; Wirth v. Board of Education for Jefferson County, 262 Ky. 291, 90 S.W.2d 62; and the same case under different style in Board of Education of Louisville v. Board of Education of Jefferson County, 265 Ky. 447, 97 S.W.2d 11. The Goheen case deals with the question of whether the Jefferson County Board of Education should bear the expense of educating the children residing in the Kentucky Children's Home. There, this court said that so long as the children remain in the Home it stands in loco parentis to them and they are residents of the district in which the Home is located and the Board must include them in its enumeration of census pupils. It appears to us this case can be of no solace to appellees as it in effect holds the per capita distribution of the school fund is based upon the number of children of school age that the school census shows reside in the district. This Goheen opinion cites with approval the Wirth case, which holds a child removed from the Home and placed in a "boarding home" in the Jefferson County School District is a resident of the district "and entitled to be included in the enumeration of census pupils for that district". [306 Ky. 439, 207 S.W.2d 571.] Patently, "census pupils" mean the same as a school census. In taking a school census, certainly one would not be limited to the children actually in school but would enumerate all children of school age in the district.

■ According to the views of their authors, the several briefs vigorously argue the hardships and benefits that the two respective constructions contended for will

work upon the common schools of this State. But it is not within our province to comment upon the wisdom, or lack of wisdom, in distributing the school fund on the basis of the children actually enrolled in school rather than on the basis of the number of children of school age residing in the district. Although we highly appreciate and are sensitive to this important fact, we are not confronted with the question which is the fairer or better plan of distribution. That is a question to be submitted to the people by the Legislature through an amendment of § 186. Our task is to construe § 186 as it is now written, and we have not the least doubt that it requires distribution to be made on the basis of the number of children of school age residing in the district.

The judgment is reversed with directions that one be entered in conformity with this opinion.